Opinion of the Court.
YOUNG brought his action of detinue against Ferguson, for a wagon and team, and proved that these articles belonged to a certain William Garrett, who sold them to Young, and executed a bill of sale; and that Ferguson, claiming them by virtue of a previous purchase from Garrett, before the sale to Young, took possession of them, previous to the sale to Young, not by delivery from Garrett, but adversely to him, claiming them as his own, and in that attitude has held them ever since. The court, on proof of these facts, instructed the jury as in case of a nonsuit, on the ground that Garrett not being possessed of them at the date of the sale to Young, and the articles being then held by Ferguson as his own, could not sell or vest the title in Young, so as to enable him to bring an action in his own name.
1. We perceive no objection to the decision of the court below. It is a general rule of the common law, that a chose in action cannot be sold. To this rule there are some exceptions ; but the case of a personal chattel, such as those demanded in this suit, is not one. By the testimony, an action of trover and conversion *299 might be sustained against Ferguson; for the tortious taking, and the right of action in trover is not assignable. But if trover could not be sustained, it is said by this court, in the case of Thomas vs. Thomas, &c. 2 Marsh. 410, that the difference is only in remedy, and that the action of detinue is not more assignable than that of trover, except in cases where the possession in a third person, at the time of the sale, is not adverse to, hut consistent with the possession of the vender.—Chitty on Bills, 2, 3, 4, and authorities there cited.
2. It makes no difference in the case, that Ferguson himself also claimed under Garrett; for the proof is clear, that he claimed the absolute title as purchaser, and not as a bailee for Garrett. In such case, he had a right to hold adversely to Garrett himself, as he did fact hold, and Garrett could not sell the articles, so as to vest the subsequent vendee with the legal estate. and enable him to sustain the action. The merits of Ferguson’s purchase, it is true, do not appear; but his adverse claim does; and the principle is, that the plaintiff below cannot try these merits in his own name, because the claim and possession of Ferguson were adverse, at the date of the sale to Young, which precluded him from taking the legal title, so as to enable him to question the same merits.
The judgment must, therefore, be affirmed with costs;