RICHARD H. McGOON, appellant, *vs.* BENJAMIN F. ANKENY, appellee.

*Appeal from Stephenson.*

A party considering an article entirely worthless, casts it away, intending to abandon it, he loses his title to it.

Personal property, in the adverse possession of another, claiming it as his own, cannot be sold and transferred, even by the real owner; he has but a right of action against the possessor, which is not the subject of legal transfer.

This was an action of assumpsit, brought by Ankeny against McGoon, in the Jo Daviess Circuit Court, to recover the value of a quantity of slag, of which Ankeny claimed to be the owner. The suit was taken by change of venue to Stephenson county, where it was tried, before Sheldon, Judge, and a jury, at a special term, in October, 1849, when a verdict was found for the plaintiff, Ankeny, for the sum of $523 60. A motion was made for a new trial; which was allowed, unless Ankeny would remit

$220, which he consented to do ; and, thereupon, judgment was rendered for plaintiff for the sum of $ 303 60. McGoon appealed to this Court. The facts upon which the opinion is based, are sufficiently stated by it.

E. S. Leland, for appellant.

M. Y. Johnson, for appellee.

Opinion by Mr. Justice Caton :

Without knowing something more of the nature of the lease from the government to the smelters who made this slag, it is impossible for us to say whether the general property in the material which they worked continued in the government or not, as was insisted by the counsel for the appellant. Nor is the question of abandonment properly before us. It is undoubtedly true, that if those who made the slag, considering it entirely worthless, cast it away with the intention of abandoning it, they thereby divested themselves of their title to it, and could have no more cause to complain when it was taken by another than as if they had never owned it, unless they reclaimed it, without violating the rights of others, and before any other person had become possessed of it or had appropriated it. The evidence of abandonment in this case is certainly very strong, but that was a question more properly for the jury than for us ; and we shall, therefore, not pursue the inquiry.

There is a question, however, which lies at the foundation of the plaintiff's right to recover, as the case now stands, and upon which the judgment must be reversed. Mrs. Kelso swears, that in 1840 or 1841, her late husband, Mr. Washburn, sold the slag in question to the defendant below for $ 150, which was paid in money. She further states, that McGoon had been in possession of the slag two or three years before she ever heard of any claim set up to it by Ankeny or any one else, although she had heard frequent conversations between Journey, Smith and others and Washburn, in relation thereto. Gear replevied the slag from McGoon on the 20th of May, 1843, and the plaintiff below did not purchase it till the first of June following, and while the replevin suit was pending. Beyond controversy, then, at the time of the plaintiff's purchase, the property was in the adverse pos-

session of Gear, who was claiming it as his own. That being the case, the law is well settled that no other person, although the real owner, could sell it and transfer a good title. Young vs. Furguson, 1 Litt., 298; Gardner vs. Adams, 12 Wend., 297. While the property was thus held adversely, the real owner had but a right of action against the person in possession, which was not the subject of legal transfer. As well might Journey and others have transferred their right to sue McGoon or Gear for trespass to real estate, or for an assault and battery. To allow this, is deemed prejudicial to the interests of society, as tending to promote litigation. The law will not tolerate a principle which will allow a man of litigious disposition to go about the community, hunting up stale claims, or even meritorious ones, against his neighbors, either for the purpose of harrassing them, or for speculation.

Without investigating several minor errors which have been assigned, we find here an insuperable barrier to the plaintiff's right to recover; and the judgment must, therefore, be reversed, with costs, and the cause remanded.

*Judgment reversed.*