## TOLES v. MEDDAUGH.

1. LANDLORD AND TENANT—RIGHT OF POSSESSION—TRESPASS.

Defendant had for several years occupied and worked certain land as a tenant, yielding to the owner a certain portion of the products as rent   By an arrangement between the parties, defendant was to surrender the premises when they should be sold.   Plaintiff purchased the land after defendant had sowed it to wheat.   *Held*, that defendant was entitled to possession until he had harvested and threshed the wheat, and that, not having previously surrendered such possession, he was not liable to the plaintiff in trespass *qu. cl.* for acts committed during such period which were incident to his occupancy of the premises.

2. COSTS—VEXATIOUS APPEAL.

An additional attorney fee of $25 was awarded to the appellee as for a vexatious appeal.

Error to Ionia; Davis, J.  Submitted June 14, 1895.
Decided September 26, 1895.

Trespass *quare clausum fregit* by James W. Toles
against James Meddaugh.  From a judgment for defend-
ant, plaintiff brings error.  Affirmed.

*F. H. Stowe* and *John Nichol (R. A. Hawley,* of counsel),
for appellant.

*McGarry & Nichols,* for appellee.

Grant, J.  This is an action of trespass *quare clausum
fregit.*  Prior to April 11, 1892, the land described in the
declaration, together with other lands, was owned by one
George Lunn.  Defendant had for several years occu-
pied and worked the lands, two adjoining farms, as his
tenant, yielding to him one-third of the products as rent.
Defendant and Lunn had an agreement by which
defendant was to surrender the premises to Lunn's
grantee when the lands were sold.  The land in dis-
pute was a 40-acre lot, sowed to wheat the fall pre-
vious.  Plaintiff purchased the land April 11, and ob-
tained a deed April 20, 1892.  Some time prior to the
purchase he had a conversation with the defendant
about buying this land, in which he told him that he
was going to buy one of the places, but had not made
up his mind which one.  Defendant then informed him
of his agreement with Lunn to give up possession when
the land was sold.  After obtaining his deed, plaintiff
informed the defendant that he had purchased the land
of which this 40 acres was a part, but said nothing to him
about possession, nor did he serve any notice to quit.
Defendant was entitled to possession until the wheat
was harvested and threshed.  Plaintiff, by his purchase,
became entitled to Lunn's share of the wheat.  About
May 1st defendant surrendered possession of the land,
except the 40 acres, to one Austin, who leased it from
plaintiff.  Defendant harvested and stacked the wheat

upon the 40 acres, and about the 1st of September threshed it, and gave plaintiff his share. After harvesting, defendant, as had been his custom, turned his hogs into the lot, to eat the wheat left upon the ground, where they remained three or four weeks. They rooted up the ground some, and ate the grass, and apples which had fallen from the trees. After the wheat was threshed and removed, defendant abandoned possession. Up to this time nothing had been said between the parties about possession. A difficulty then arose between them about 30 rods of fence, which plaintiff claimed that defendant had removed. He then instituted this suit, claiming damages for the fence and for the injury done by the hogs. Mr. Austin testified that the damage to the land and clover was from $3 to $5; that he judged the hogs ate from 15 to 25 bushels of apples, worth from 10 cents to 15 cents a bushel. In addition to these damages, plaintiff claimed that defendant took out two lengths of fence, for the purpose of drawing the threshing machine in and out of the lot. Mr. Austin testified that it would not cost over 25 cents to replace these boards.

At the conclusion of the evidence the court directed a verdict for the defendant. The direction was correct. The defendant's relation was not changed from that of a tenant to that of a mere cropper. He was entitled to and retained possession of the land until the wheat was harvested and threshed. All the acts complained of were committed before he had surrendered possession. He was not, therefore, guilty of trespass.

Another question was raised upon an amendment allowed to the plea, but this disposal of the case renders its determination unnecessary.

We think the appeal in this case was vexatious, and the defendant will therefore recover an additional attorney fee of $25.

The other Justices concurred.