ENNO-SANDER MINERAL WATER COMPANY, Respondent, v. FISHMAN et al., Appellants.

### St. Louis Court of Appeals, October 22, 1907.

1. **REPLEVIN: Verdict: Finding of Value.** Under section 3921, Revised Statutes 1899, in an action of replevin where the property was taken out of the defendant's possession and delivered to the plaintiff, it was proper for the jury on a finding that the defendant was entitled to possession of the property at the commencement of the suit to assess its value.

2. ——: ——: ——: **Defendant's Interest.** Although the verdict in such case assessed the "value of the defendant's interest" in the property, instead of the value of the property, when no special interest was shown, this was not error, especially in the present instance because the evidence, which is examined, showed the plaintiff did not identify the property as its own.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald*, Judge.

REVERSED AND REMANDED (*with directions*).

*F. A.* and *L. A. Wind* for appellants.

*Rassieur, Schnurmacher & Rassieur* and *Arthur E. Kammerer* for respondent.

(1) There was no evidence before the jury that appellants had any special interest in the property in question, or any evidence which justified the giving of the instruction. Waddingham v. Hulett, 92 Mo. 535; Gratton Mfg. Co. v. Troll, 69 Mo. App. 480; Colliott v. Amer. Mfg. Co., 71 Mo. App. 170; McAtee v. Valandingham, 75 Mo. App. 53. (2) The instruction was inconsistent with instruction numbered 2, given by the court at the instance of respondent. Thomas v. Babb, 45 Mo. 388; Stone v. Hunt, 94 Mo. 481; Frank v. Railroad, 57 Mo. App. 186; Bluedorn v. Railroad, 108 Mo. 450. (3) The instruction was misleading, and pre-

sented to the jury an issue which was not before them. Newell v. Bolt & Iron Co., 5 Mo. App. 253; Mound City P. & C. Co. v. Conlon, 92 Mo. 221; Donahoe v. Railroad, 83 Mo. 566; Chouteau v. Iron Works, 83 Mo. 84.

GOODE, J.—This is an action of replevin, the property involved being sixty-five siphon bottles used for bottling seltzer water. Respondent is a concern engaged in St. Louis in the sale of seltzer and mineral waters and appellants are copartners doing business under the style of the Western Bottle Company. The real business of the appellants, as we gather from the evidence, is buying and selling second-hand bottles. The custom of business of the plaintiff company, when it sold seltzer water, was not to sell the bottles, but to require them to be returned. These bottles were worth from fifty to sixty cents each. Sometimes a deposit was exacted of a purchaser of bottles of seltzer equal to the value of the bottles, so that in case they were not returned the plaintiff would not lose their value; and there is evidence going to show that, when seltzer was sold without a deposit being required of the value of the bottles containing it, their value was collected from the buyer in case they were not returned. That is to say, sometimes the respondent required a deposit and sometimes it did not; and in the latter instances, if the bottles never were returned, their value was collected of the customer. There is also testimony that respondent purchased, at ten cents each, such second-hand bottles as had not been returned to it, from any person into whose hands they happened to come. Respondent not only sold its waters in St. Louis, but in other cities and towns. It had a great deal of difficulty in collecting the bottles sent out to customers on sales of seltzer and other waters and several expedients were adopted to save the loss. Appellants offered to prove that respondent belonged to an association of companies

engaged in similar business, called the Missouri Bottlers Association, the purpose of which organization was to recover the second-hand bottles of the respective companies; and that one A. Lewis was appointed manager of the association to buy back for the different companies such of their bottles as were not returned by customers, but passed in one way or another, into the possession of second-hand dealers. This offer of evidence was excluded, but seems to have been treated in an instruction. The court instructed the jury, at respondent's request, that if they found the siphon bottles mentioned in the evidence (i. e., the sixty-five involved in the suit) were originally purchased by respondent from manufacturers, and were used by it in its business in the sale and distribution of mineral waters, and had not been sold, traded or given away, it was still the owner of the bottles and was entitled to recover them from the appellants if, at the date of the institution of the suit they were in appellants' possession; that though the jury believed respondent was a member of an association of mineral water dealers which employed an agent to collect and recover the bottles of its members, and that said agent did from time to time pay, or promise to pay, to second-hand dealers, a stipulated price for the return of bottles and siphons, this course of business did not create any interest in appellants in and to the siphons in controversy; that the finder of lost property, or the purchaser of property that was stolen, does not acquire title to such property as against the true owner, even though he purchases in good faith; that if the jury found the siphons used by respondent in selling and disposing of mineral water were not sold with the water, but the purchaser was required to return them, the buyer of the mineral water had no right to sell or dispose of the siphons, and any one acquiring the same from such purchaser of mineral waters did not acquire

127 App—14

title or the right of possession thereof as against the
respondent. For appellants the court instructed that
the burden was on respondent to prove the bottles taken
under the writ of replevin never had been sold to, nor
paid for by, any of its customers, nor retained in ex-
change for bottles of other dealers; further, that if
the jury found from the evidence that respondent, prior
to the institution of the suit, had collected from cus-
tomers a price for siphons not returned to respondent
after the contents of the bottles had been used, and
further found that the particular bottles taken under
the writ in this case are bottles for which plaintiff
did so collect from its customers, then the verdict should
be for appellants. If the jury found a verdict for ap-
pellants, they were instructed "to fix the value of the
bottles or defendant's interest in them." The jury found
for appellants and that they were "entitled to the pos-
session of the personal property taken from them by the
constable at the commencement of this suit," and that
the value of said property was $6.50. On motion for new
trial filed by respondent, the court set aside the verdict
on the ground that he had erred in giving the instruc-
tion stating that if the jury found for appellants they
should fix the value of the bottles and *appellant's in-
terest in them;* and the point for decision in the present
case is whether said instruction was erroneous and
prejudicial. It is the argument of counsel for plain-
tiff that it was erroneous in authorizing the jury to fix,
not only the value of the bottles, but, in the alternative,
defendants' interest in them; and that it was prejudicial
in tendency because it permitted the jury to recognize
a sort of equity in favor of appellants to be paid ten
cents a bottle, because of respondent's course of dealing
in buying its bottles from second-hand dealers at that
price. The evidence showed appellants had purchased
the bottles in controversy from different persons; chiefly
ragpickers who collected old bottles about the alleys

and streets of St. Louis. Some had been acquired, too, in carloads of bottles of various sorts bought by appellants in other towns. It should be stated that the proof showed part of the sixty-five bottles in dispute had respondent's name on the bottom, that others had the name or initial on the labels, and that such markings were on all the bottles sent out from respondent's establishment.

It is insisted by respondent's counsel and was ruled by the court that, if property is lost or stolen, the finder or purchaser does not acquire title to it as against the owner, even though he buys in good faith; and no doubt this is sound law. The theory of the proposition as applied to the present case is, that respondent did not lose the title to the bottles it sent out pursuant to sales of its mineral and seltzer waters if the bottles were not returned as agreed, or, even if they were sold or cast away by the purchaser of the waters. Conceding this proposition to be true, it is also true that an owner of property may abandon it; and there is evidence in the present case tending to show the respondent intended to abandon such of its bottles as happened to be thrown away by customers and which might be gathered up indiscriminately and sold to second hand dealers by whomsoever happened to find them. No other meaning can be attached to respondent's custom of buying its bottles from those dealers except that it recognized the latter's title. Of course as second-hand bottles were restored in a filthy state, and sometimes, maybe, with the siphons out of order, but a low price was paid for them. On the subject of the abandonment of property under circumstances similar to those in proof, see Haslen v. Lockwood, 37 Conn. 500; Livermore v. White, 74 Maine 452, and the treatment of the subject in 1 Cyc. 3, et seq. These observations are made to show the case as the facts below showed it. Certainly the respondent's habit of purchasing second-hand bottles from bottle dealers gave the

latter some right regarding castaway bottles which they had bought from collectors.

But what we are to decide in the present case is the propriety of the instruction to the jury to find the value of the bottles and appellants' interest in case a verdict was returned for them. Inasmuch as the property had been taken out of appellants' possession by the constable under the writ issued in the present case and turned over to respondent, it was the duty of the jury to find its value if a verdict was given for appellants. [R. S. 1899, sec. 3921.] The statute explicitly says that in all replevin actions where the property has been delivered to a plaintiff and the justice or jury shall find for the defendant, whether the defendant had the right of property or the right of possession only, at the commencement of the suit, shall be found, and if either issue is found in his favor, the value of the property or the value of the possession shall also be found. What the jury found in the present case, as shown by the verdict, was that defendants were entitled to the possession of the property in controversy at the commencement of the suit and that its value was $6.50. Therefore they obeyed the statute. But the argument for respondent is that the words "or defendants' interest" in the instruction on damages, might have induced the jury to believe they could find a verdict for defendants, not because the latter were entitled to the property when the suit was commenced, but because they had some kind of an equitable lien on it on account of respondent's previous purchases from them and other second-hand dealers. Even if this is conceded to be good reasoning, nevertheless the verdict was for the right party because respondent totally failed to identify the property in controversy as its own; for the evidence is that respondent's officers did not know anything about where appellants got these bottles and that there was no difference between them and thousands of others used for bottling seltzer; some

of which were paid for by customers. It is manifest that under respondent's system of collecting the value of old bottles from customers who failed to return them, there could be no proof that the particular bottles in controversy, purchased as they were from random ragpickers and others, were bottles for which respondent never had been paid. Hence there is no substantial evidence to show the title to these bottles remained in respondent, even leaving out of view the question of abandonment. With the case in this posture, the words complained of in the instruction could have been prejudicial only to appellants, by inducing the jury to assess their damages, not at what the bottles were actually worth, but at what the evidence showed appellants were willing to take for them.

The judgment is reversed and the cause remanded with a direction to the court to set aside the order granting a new trial and enter judgment in accordance with the verdict. All concur.