### J. L. HUGGINS v. P. R. REYNOLDS.

Decided June 27, 1908.

**1.—Justice Court Judgment—Disposition of Issues—Appellate Jurisdiction.**

A Court of Civil Appeals has no jurisdiction of a case appealed from a Justice Court to the County Court and from that court to the Court of Civil Appeals when the judgment in the Justice Court does not dispose of a counterclaim filed and urged by the defendant in that court.

**2.—Property—Abandonment of—Loss of Title.**

Abandonment of property divests the owner of his title therein, and one who reduces the same to possession after such abandonment, is not guilty of conversion.

**3.—Same—Case Stated.**

A tenant who after the termination of his lease expressly abandons his ungathered crop to the use of the landlord, can not afterwards recover of the landlord the value of the same.

**4.—Tenant—Emblements.**

Under the doctrine of emblements the tenant has the right to gather the remnant of his crop even though his lease has expired, but it is a right which he must assert and exercise promptly.

Appeal from the District Court of Clay County. Tried below before Hon. S. A. Denny.

*Allen & Wantland* and *P. M. Stine,* for appellant.

*Allen & Jones,* for appellee.

CONNER, CHIEF JUSTICE.—Appellee was a tenant of appellant, and instituted suit in the Justice Court upon an account aggregating ninety-six dollars. Among other items specified was one of forty dollars for "three-fourths of two bales of cotton, less cost of picking." The landlord, Huggins, replied with a counterclaim aggregating the sum of

$105.70. In the Justice Court appellee Reynolds failed to recover, and appealed his cause to the County Court of Clay County. The trial there resulted in a general verdict for appellee in the sum of $45.93, from which this appeal has been prosecuted.

On a former day of the term the appeal was dismissed, because the transcript as then appearing failed to show a disposition in the Justice Court of appellant's counterclaim, but since that time the record has been corrected in this respect, and we now, therefore, set aside the former judgment of dismissal and proceed to determine the questions presented by the assignments.

Appellant among other things requested the following special charge, which the court refused to give, and to which action of the court error is assigned, viz.: "In this case you are further instructed that if plaintiff's tenancy terminated on the 1st day of January, 1907, and if thereafter plaintiff delivered up possession of the rented premises, and if as to any part of the cotton plaintiff had grown on said premises, and that then remained unpicked, plaintiff abandoned said cotton and declared his intention not to pick the same, and that defendant might turn in on it, and if thereupon defendant hired the same to be picked and sold the same, then plaintiff is not entitled to recover any part of the proceeds thereof."

Appellee's lease terminated January 1, 1907, and appellant Huggins testified in substance that on or about the 15th day of January, 1907, he went to see appellee, who had then removed from the witness's place, in order to get the unobstructed use of the rented premises for pasturage, and that appellee then directed him "to go ahead and turn in; that he, appellee, was not going to pick any more of the cotton;" that it was after this that appellant caused to be picked and sold the cotton, the proceeds of which was sued for in this case.

It seems to be well settled in the authorities that a party may abandon and relinquish his right to property. If the owner sees proper to abandon his property and evidences his intention by an act legally sufficient to vest or divest ownership, why may he not do so? In M'Goon v. Ankeny, 11 Ill., 558, it is said, quoting from the head-note: "A party, considering an article entirely worthless, casts it away, intending to abandon it; he loses his title to it." And on the same subject, in the case of Wyman v. Hurlburt, 40 Am. Dec., 461, the Supreme Court of Ohio says, again quoting from the head-note: "Abandonment of property divests the owner of his title therein, and the finder who reduces the same to possession after such abandonment, is not guilty of conversion." And in the case of Davis v. Butler, 6 California, 511, the Supreme Court of that State says, quoting from the head-note: "An abandonment of property determines the right of the party thereto from the date of the act, and the property is to him as though he had never owned or occupied it." And the right to so abandon property is clearly recognized by our own court, as may be seen by an examination of the case of Dikes v. Miller, 24 Texas, 417. So that it would seem that appellant would not be liable for the "three-fourths of two bales of cotton" for which appellee sued if he, in fact, as appellant in substance testified, wholly abandoned it. He might, under certain circumstances, notwithstanding the expiration of his tenancy, proceed to gather the

remnant of his crop. See unpublished opinion by this court in cause No. 5662, Bowles v. Driver, 112 S. W., 440. But, if so, it was his duty to act promptly if he intended to claim the right, and, having declined to do his duty in this respect, and after having abandoned the cotton, if he did so, he could not thereafter sue appellant as for a conversion thereof.

We find no other error in the proceedings as assigned, but are unable to say from the verdict of the jury that they did not find for appellee for the item mentioned, and the judgment must accordingly be reversed, and the cause remanded for the error of the court in refusing said special charge.

*Reversed and remanded.*