### DINWIDDIE et al. v. JORDAN. (No. 204–3282.)

(Commission of Appeals of Texas, Section A. March 2, 1921.)

**1. Landlord and tenant ⬥139(2)—Doctrine of "emblements" stated.**

The doctrine of emblements is the common-law right a tenant whose lease of uncertain duration has been terminated without his fault and without previous knowledge on his part to enter on the leased premises to cultivate, harvest, and remove the crops planted by him before termination of the lease.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Emblements.]

**2. Landlord and tenant ⬥139(2)—Tenant entitled to emblements in absence of contrary stipulation.**

Emblements may be the subject of contract, but, in the absence of a stipulation in the lease contract dealing therewith, the tenant is entitled to emblements.

**3. Landlord and tenant ⬥139(2)—Lease with provision for surrender on notice of sale did not deprive tenants of right to emblements.**

A lease whereby the tenants were to relinquish possession in the event of sale on repayment by the lessor of the unearned rentals, having no explicit reference to emblements, did not deprive the tenants of their right, after termination of their right of general possession on giving notice of sale, to reenter, cultivate, harvest, and remove the crops planted by them during the tenancy.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by Mrs. L. W. Jordan against W. C. and J. R. Dinwiddie. From judgment for defendants, plaintiff appealed to the Court of Civil Appeals, which reversed, and render-

ed judgment in favor of plaintiff (205 S. W. 862), and defendants bring error. Judgment of the Court of Civil Appeals reversed, and that of the trial court affirmed.

Dennis Zimmermann, of Tulia, and Chas. L. Black, of Austin, for plaintiffs in error.

H. C. Randolph, of Plainview, and A. L. Love and T. H. McGregor, both of Austin, for defendant in error.

SPENCER, J. Mrs. L. W. Jordan, acting for herself and as community survivor of herself and deceased husband and others, instituted this suit in the ordinary form of trespass to try title to recover of plaintiffs in error, the lands described in the petition, and to recover the value of certain wheat grown upon lands alleged to have been converted by plaintiffs in error.

The controversy grows out of a lease contract covering the land in question, entered into by W. C. Dinwiddie, as lessee, and defendant in error and others, as lessors, on the 9th day of May, A. D. 1913. The lease was for a term of five years, but conditioned to be terminated by the following provision:

"Parties of the first part reserve the right to sell same or part at any time during the life of this lease, * * * and, in the event of a sale of any part of said property, possession shall not be delivered by party of the second part until after delivery of sixty days' notice to him in writing of such sale, provided that the improved land shall be the last sold, in the event same be sold in parts or parcels."

The contract contained this provision:

"It is further agreed that, in the event the entire above-described property is sold, including the improved land, party of the second part shall have until the next succeeding April 1 after delivery to him of notice in writing of such sale to surrender possession; that is, from the day of such sale of all of said property, or of the improved part upon which there may be growing any crops, party of second part shall not be compelled to surrender possession until the 1st day of April next succeeding the delivery to him of notice of such sale."

The agreed statement of facts upon which the case was tried shows: That nothing was said by either party relative to any wheat crop that might be planted; that during the latter part of 1916—prior to the time the land was sold to one Rawley, and before plaintiffs in error received notice of such sale—about 300 acres of the land was planted in wheat; that on the 4th day of December, A. D. 1916, defendant in error gave plaintiffs in error written notice of the sale which contained a request or notice to vacate by April 1, 1917; that plaintiffs in error delivered possession of all land to Rawley on February 1, 1917, except the acreage planted in wheat, possession of the latter not having been surrendered until after the wheat had been harvested and marketed early in July, 1917; that plaintiffs in error had leased all

of said lands, except the wheat lands, from Rawley, the purchaser, and are entitled to have continued possession thereof according to the terms of said lease; and that defendants in error are entitled to have judgment for the possession of the wheat land as against plaintiffs in error.

The agreed statement recognized that the only issue in the case is: Who is entitled to the wheat growing upon the land at the time it was sold to Rawley?

The judgment of the trial court followed the agreed statement as to the possession of the land and resolved the controverted issue in plaintiffs in error's favor. Upon appeal the Court of Civil Appeals reversed and rendered the judgment in favor of defendants in error for the value of the wheat less threshing and harvesting expenses and less rent unearned from February 2, 1917, to May 9, 1917. 205 S. W. 862.

[1] The doctrine of emblements is the common-law right of tenant, whose lease of uncertain duration has been terminated without his fault and without previous knowledge upon his part, to enter upon the leased premises to cultivate, harvest, and remove the crops planted by him before the termination of the lease. Says the Supreme Court of Indiana:

"In order to entitle one claiming to be a tenant, or his legal representative, to emblements, the following facts must appear: (1) The existence of a tenancy of uncertain duration. (2) A termination of the tenancy by the act of God or by the act of the lessor. (3) That the crop was planted by the tenant, or some one claiming under him, during his right of occupancy." Miller v. Wohlford et al., 119 Ind. 305, 21 N. E. 894.

[2] These three things—a tenancy of uncertain duration, a termination of this tenancy by the act of the lessor, and the planting of the crop during the tenant's right of occupancy—are present in the instant case and combine to entitle plaintiffs in error to emblements unless this right is defeated by the lease agreement of the parties. That emblements may be the subject of contract cannot be doubted, but, in the absence of a stipulation in the lease contract dealing therewith, the tenant is, under all the authorities, entitled to emblements. Comfort v. Duncan, 1 Miles (Pa.) 229; Pfanner v. Sturmer, 40 How. Prac. (N. Y.) 401; Harwood v. Williams, 161 Mich. 368, 126 N. W. 475; Toles v. Meddaugh, 106 Mich. 398, 64 N. W. 329.

[3] The honorable Court of Civil Appeals rested its decision in this case upon the ground that under the terms of the agreement the tenant was to relinquish possession in the event of a sale upon repayment by the lessor of the unearned rents, and that to award the lessee emblements in addition to reimbursing him for unearned rents would

be an unfair construction of the contract, the effect of which would be to make a new contract between the parties. This construction of the contract is, we think, erroneous.

The clause of the contract above quoted requiring the lessee to surrender possession upon the giving of written notice has no reference to emblements. A discussion as to the fairness or unfairness of this provision would be foreign to the questions now under review, as it is wholly unrelated to it. The courts are not concerned with the wisdom or unwisdom of agreements between parties. Because the provision may be a harsh one does not warrant the courts invoking it, under the guise of construing the contract, to defeat a right of one of the parties, when such provision has no reference to such right.

Under the terms of the contract, upon the giving of the notice, plaintiffs in error's rights of general possession terminated on April 1, 1917, and they were thereafter only entitled to re-enter to cultivate, harvest, and remove the crop. The right of re-entry for these purposes is not inconsistent with the surrender of possession contemplated by the provision quoted. This principle is clearly stated by the Supreme Court of Nebraska in the case of Edghill v. Mankey, 79 Neb. 347, 112 N. W. 570, 11 L. R. A. (N. S.) 688, wherein that court said:

"It is equally clear that, if the sublessee of a life tenant plants a crop before the death of his landlord, he is entitled, under the doctrine of emblements, to reap the same. To avail himself of this right, it is obvious that the sublessee must have some right of entry upon the land itself; and, if the tenancy is determined by death soon after the planting of a crop, this right may of necessity be continued for some months. The extent of this right is said to be that the lessee may enter upon the land, cultivate the crop, if a growing one, cut and harvest it when fit, and, if interfered with in the reasonable exercise of these privileges by the reversioner, or if the crop be injured by him, he may have an action for such injury. 1 Washb. Real Prop. (5th Ed.) p. 143, § 105.

"This does not give him a right to the possession of the land, but merely the right of ingress and egress for the purpose above mentioned. For all other purposes the owner of the reversion has the right to the exclusive possession, Id; Collins v. Crownover (Tenn. Ch. App.) 57 S. W. 357. It follows that the right of emblements does not extend the term of the sublessee of the life tenant. Upon the death of his landlord he has no longer an estate in the land, and is not entitled to the possession of the same. His right to enter for the particular purposes specified is not inconsistent with the right of possession of the reversioner."

We recommend, therefore, that the judgment of the Court of Civil Appeals be reversed, and that of the district court be affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.