CHICAGO—FIRST DISTRICT—APRIL, 1922.    411

Milk Dealers Bottle Exchange v. Schaffer, 224 Ill. App. 411.

---

## Milk Dealers Bottle Exchange, Appellant, v. Max Schaffer, Appellee.

### Gen. No. 26,875.

1. CHAMPERTY AND MAINTENANCE—*when corporation conducting used milk bottle exchange not guilty in bringing replevin.* A corporation, not for pecuniary profit, organized for the purpose of conducting an exchange or clearing house whereby used milk bottles coming into the possession of persons not the owners might be recovered, collected and forwarded to the dealers whose names or labels appeared thereon, who to the number of thirteen had con-

412    Appellate Courts of Illinois.

Milk Dealers Bottle Exchange v. Schaffer, 224 Ill. App. 411.

tracted for the services of said corporation, was not guilty of champerty or maintenance in bringing replevin against a junk dealer to recover various of such bottles in his possession, as such suit, instead of fostering litigation, tended to a reduction of lawsuits, and its objective, the recovery of lost or stolen property, was lawful.

2. CHAMPERTY AND MAINTENANCE—*what is tendency of decisions.* While the common-law crime of champerty has not been abolished by statute in this State, the tendency of decisions is to depart from the severity of the old law and at the same time to preserve the principle which tends to defeat the mischief to which the old law was directed, namely, the traffic of merchandizing in quarrels, of huckstering in litigious discord.

3. CHAMPERTY AND MAINTENANCE—*what is purpose of prohibitory laws.* Laws against champerty, maintenance and barratry are aimed to prevent multitudinous and useless lawsuits as enterprises and speculations.

4. REPLEVIN—*who may maintain action.* Under chapter 119, sec. 1, on "Replevin" (Cahill's Ill. St. ch. 119, ¶ 1), giving the right of action for the recovery of goods or chattels to the owner or person entitled to their possession, anyone having a qualified or special interest in the property, although not the absolute owner, may maintain the action, and such an interest may arise by contract.

5. REPLEVIN—*right of corporation conducting used milk bottle exchange to maintain action.* A corporation not for pecuniary profit, organized for the purpose of conducting an exchange or clearing house whereby used milk bottles coming into the possession of persons not the owners might be recovered, collected and forwarded to the owners whose names or labels appeared thereon, which had contracted with such owners for the recovery of such lost bottles at a stated compensation per bottle recovered and returned, came within the qualifications of chapter 119, sec. 1, on "Replevin" (Cahill's Ill. St. ch. 119, ¶ 1), giving the right of action to the owner or person entitled to the possession of goods or chattels, and was entitled to maintain replevin against a junk dealer who had possession of various of such bottles.

6. CHAMPERTY AND MAINTENANCE—*when bills of sale to plaintiff in replevin not merely transfer of right to litigation.* Under section 22 of the statute on "Replevin" (Cahill's Ill. St. ch. 119, ¶ 22), providing that where a plaintiff, in replevin, at the beginning of the suit was not entitled to possession, yet if he shall in the meantime have become entitled to the possession of the property he shall be entitled to judgment, a corporation organized to recover lost or stolen milk bottles for their owners, which had contracted with such owners who were milk dealers, for the recovery of such

bottles, and which had brought replevin against a junk dealer who had possession of various of such bottles, complied with the statute by obtaining bills of sale from the owners, after the commencement of the suit, and the bills of sale were not merely a transfer of the right to litigation, but a move in good faith to effect the proper purposes and desirable results contemplated by the contracts of plaintiff with its patrons.

Appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the March term, 1921. Reversed and remanded. Opinion filed 'April 3, 1922. Rehearing denied April 17, 1922.

DAVID B. GANN, for appellant; FREDERICK SECORD, LOY N. MCINTOSH and VERNON M. WELSH, of counsel.

SHAEFFER & FOSTER, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Plaintiff brought a replevin suit to recover possession of a number of empty milk and cream bottles such as are commonly used by milk dealers. Upon trial by a jury the judge peremptorily instructed to find for the defendant. From the judgment entered thereon plaintiff appeals.

Plaintiff is a corporation organized, not for profit, under the laws of Illinois for the purpose of conducting an exchange or clearing house whereby used milk bottles coming into the posession of persons not the owners may be recovered, collected and forwarded to the companies whose label, trade-mark or name appears thereon. Its stock was owned by a number of milk dealers in the City of Chicago. Plaintiff entered into a contract with each dealer owning stock, whereby plaintiff agreed· to use its best efforts to collect, sort, exchange and deliver the milk bottles, cans and cases of such milk dealers in Chicago and suburbs which may employ plaintiff for such services, and particularly the articles belonging to the other party to the

414    APPELLATE COURTS OF ILLINOIS.

Milk Dealers Bottle Exchange v. Schaffer, 224 Ill. App. 411.

contract, which articles may be identified by having blown, etched thereon, or otherwise noted the name, brand, trade-mark or device of the owner, and which articles may have been lost, strayed, wrongfully appropriated, stolen, or otherwise passed from the possession of the owner. The contracting milk dealer thereby employed plaintiff to render such services and to pay therefor certain specified sums for each milk bottle recovered and returned to it. The dealer in consideration of such services agreed not to employ anyone else to perform like services during the period of the contract. There were other provisions, all for the purpose of giving plaintiff a free hand in the matter of recovering lost empty milk bottles.

Plaintiff had entered into such contracts with some thirteen companies and individuals selling and delivering milk, and these dealers were owners respectively of the bottles as indicated by their name or trade-mark upon the bottles, which are the subject-matter of this replevin suit. Defendant is a junk dealer, and in the course of his business collects empty bottles, and the evidence tends to show that he had the replevined bottles in his possession.

After suit was commenced, apparently as a precaution, the dealers, by their respective bills of sale, transferred the title of the bottles replevined to the plaintiff.

The record shows that the trial judge was of the opinion that at the time of bringing suit plaintiff did not have any title in the bottles, or right of possession thereto, and that the bills of sale transferring the title to plaintiff were simply the transfer of the right to bring a lawsuit such as was held illegal and ineffective in *McGoon v. Ankeny*, 11 Ill. 558. The trial court was also of the opinion that the suit was champertous and contrary to our statute on maintenance. We hold that none of these reasons is tenable, and that the peremptory instruction based thereon should not

have been given. In the *McGoon* case, *supra*, the court simply announced that the law would not tolerate one of litigious disposition to hunt up stale or even meritorious claims against his neighbors for the purpose of harassing them or for the purpose of speculation. Such a motive is entirely lacking in the instant case and the cited case has no application.

While the common-law crime of champerty has not been abolished by statute in this State, the tendency of decisions is to depart from the severity of the old law and at the same time to preserve the principle which tends to defeat the mischief to which the old law was directed, namely, "the traffic of merchandizing in quarrels, of huckstering in litigious discord." *Reynell v. Sprye*, 1 De G., M. & G. 686; *West Chicago Park Com'rs v. Coleman*, 108 Ill. 591; *Phillips v. South Park Com'rs*, 119 Ill. 626.

Laws against champerty, maintenance and barratry are aimed to prevent multitudinous and useless lawsuits as enterprises and speculations. The present suit, contrary to this, tends to a reduction of lawsuits, from thirteen by as many different owners, to one, and its objective, the recovery of lost or stolen property, is lawful. Plaintiff's business was the recovery of milk bottles under its contracts. Litigation was merely an incident thereto.

The statute on "Replevin," chapter 119, sec. 1 (Cahill's Ill. St. ch. 119, ¶ 1), gives the right of action for the recovery of goods or chattels to "the owner or person entitled to their possession." Under this, anyone having a qualified or special interest in the property, although not the absolute owner, may maintain the action. *Fullerton v. Morse*, 162 Ill. 43; *Pease v. Ditto*, 189 Ill. 464. Such an interest may arise by contract. By the instant contracts, the milk dealers established an agency or clearing house for the recovery and return of lost empty milk bottles for which plaintiff was to receive certain stated compensation

per bottle recovered and returned. Considering the character of the services contemplated by the contract and its terms for compensation, we are of the opinion that plaintiff came within the statutory qualifications as one entitled to possession of the property at the time this suit was commenced.

The replevin statute further provides (section 22, Cahill's Ill. St. ¶ 22) that even where plaintiff, at the beginning of the suit, was not entitled to possession, yet, if "plaintiff shall, in the meantime, have become entitled to the possession of the property," he shall be entitled to judgment. The bills of sale to plaintiff gave it title to the articles conveyed and thus fulfilled the conditions of this section of the statute. We do not consider them as merely a transfer of the right to litigation, but as a move made in good faith to effect the proper purposes and desirable results contemplated by the contracts of plaintiff with its patrons.

Counsel for defendant argues that even if the reasons which moved the trial court to give the peremptory instruction to the jury were not tenable, yet, under the record, there can be no recovery, and the judgment should be affirmed. We cannot assent to this. Nearly all the questions of law involved here have been determined in the opinions in *Kee & Chapell Dairy Co. v. Pennsylvania Co.*, 214 Ill. App. 1, affirmed in 291 Ill. 248.

Counsel for both parties have presented to us assertions and argument which more properly should be presented to a jury.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

DEVER, P. J., and MATCHETT, J., concur.