## MILLER v. GRAY.

### No. 8500.

Court of Civil Appeals of Texas. Austin.

July 21, 1937.

Rehearing Denied Aug. 7, 1937.

266

Critz & Woodward, of Coleman, for appellant.

W. H. Adkins, of Brady, E. M. Davis, of Brownwood, and Sam McCollum, of Brady, for appellee.

BLAIR, Justice.

Appellee, Mrs. Addie Gray, individually and as community survivor and independent executrix of the will of her deceased husband, B. C. Gray, sued appellant, Henry Miller for damages resulting from interference by appellant with Gray in gathering his maturing cotton crop, and from turning stock on his harvested and maturing hegari and maize crops, after the expiration of the term of Gray's lease contract with appellant, but within the time which custom with reference to such lease contract entitled Gray to gather his crops without interference from appellant. Upon the answers of the jury to the special issues submitted, judgment was rendered for appellee against appellant for the sum of $355; hence this appeal.

As to the termination of the lease, the contract provided as follows: "Said Gray is to have a lease on said Miller farm and ranch up to October 16, 1935. Said Gray is to deliver possession of said land and premises to said Miller on October 16, 1935." Of the land leased 156 acres were planted in cotton and 135 acres in hegari and maize for the year 1935. Appellee alleged that upon the termination of the contract, October 16, 1935, by reason of the unusual season the cotton, hegari and maize were late in maturing; that he used due diligence on the termination of the lease, to gather the crops; that on the termination of the lease, October 16, 1935, twenty-four Mexicans were picking cotton and every effort was being used to gather the crops; that on October 17, 1935, appellant, in disregard of the rights of Gray to retain possession of the premises for the purpose of picking the cotton and gathering the hegari and maize which had not yet matured, compelled the cotton pickers to abandon picking; but that the agents of Gray finally persuaded appellant to permit the picking of the cotton; that it required five days to secure the return of the pickers, at an expense of $100, and that by the time the pickers returned rain set in, and they were unable to resume picking for eight days thereafter; that there were fourteen bales of cotton unpicked, and, by reason of delay in picking same, it was damaged by the prolonged rains to the extent of $10 per bale, or $140; that appellant turned a large

number of cattle on the hegari and maize and destroyed some 2,000 bundles of maize that had been cut and shocked on the land; and that hegari and maize maturing at the time were also destroyed by the cattle put on the land by appellant; that Gray surrendered the remainder of the land and premises on or before the date of the termination of the lease. Appellee further alleged that it was the usual custom of landlords in McCulloch county to permit tenants to retain possession of lands on which crops had not yet matured, or until such time that by the use of reasonable diligence such crops could be gathered; and that such custom was well known to the defendant at the time he refused to permit Gray to gather his cotton and at the time he permitted his cattle to destroy the hegari and maize. The evidence of appellee tended to establish the facts allegd and supports the findings of the jury on the various special issues submitted.

Appellant presents twenty-three assignments of error, upon which he predicates seven propositions, the principal contention presented by propositions Nos. 1, 2, and 3 being that, since the leasehold contract provided for the termination of the lease on October 16, 1935, the delivery of possession of the land on such date must be determined from the contract, which is plain and unambiguous; and that it cannot be varied by any alleged custom as to gathering of crops after the termination of the lease contract.

The question presented simply resolves itself into an interpretation of the law of emblements or away-going crop as applied to the facts alleged and proved in this case, which doctrine is derived from the common law as defined and extended by Texas decisions; and it relates to the right of a tenant to take and carry away after his tenancy has ended such annual products of the land as have resulted from his own care and labor.

In the early case of Crow v. Ball (Tex.Civ.App.) 99 S.W. 583, it was held that, where a crop had been planted and cultivated by a tenant with the landlord's consent, the tenant is entitled to the crop and ingress to the premises to gather it; and that the privilege of planting the crop implies authorization to enter and harvest it at maturity. It has also been held that the parties to a lease may, of course, regulate all such matters by an express stipulation, but, in absence of such stipulation, it is to be understood that every demise is open to explanation by general usage of the country where the land lies in respect to all matters about which the lease is silent, and every person so engaged is supposed to be cognizant of this custom and to contract in reference to it. Dinwiddie v. Jordan (Tex.Com.App.) 228 S.W. 126. Particularly is this true where it is shown that the parties contracted with reference to a local custom, to the effect that, if circumstances prevented the tenant from fully gathering the crop, he is entitled to finish up his work as soon thereafter as suitable diligence would enable him to do so; and that the tenant has the right under such circumstances to enter on the premises and gather the remnant of the crop, even after the expiration of the specific term of his lease contract. Huggins v. Reynolds, 51 Tex.Civ.App. 504, 112 S.W. 116; Bowles v. Driver (Tex.Civ.App.) 112 S.W. 440; Miller v. Lewis (Tex.Civ.App.) 277 S.W. 796; Holder v. Swift (Tex.Civ.App.) 147 S.W. 690; Heidenheimer, Strassburger & Co. v. Alexander & Baird (Tex.Civ.App.) 205 S.W. 458; 8 R.C.L. 362, § 8; 36 C.J. 104, § 741; 13 Tex.Jur. 16, §§ 14 and 15; 27 Tex.Jur. 303, § 176, wherein it is stated: "The doctrine of emblements secures to the tenant a right to enter upon the premises after expiration of the term for the purpose of cultivating and harvesting crops, provided that the crops were not planted by him with knowledge as to the time of termination of the tenancy and his inability to harvest them before the end of the term."

In this connection the rule is also settled in this state that courts take judicial notice of the time when certain crops in a particular part of the state will mature. In accordance with this rule, the court judicially knows that the cultivation of crops of cotton, hegari, and maize in the particular part of the state involved is practically completed on October 16th of any current year of planting, and that such crops are usually matured or rapidly approaching maturity at such time. Roberts v. Armstrong (Tex.Com.App.) 231 S.W. 371; Matagorda Canal Co. v. Markham Irrigation Co. (Tex.Civ.App.) 154 S.W. 1176. In addition, the testimony in the instant case showed that the cotton in question was being picked at the date of the termination of the contract; that, while there were some green bolls unopened, most of the cotton was ready to be gathered, and was being gathered as rapidly as possible; and

that it would have been gathered within a few days but for the interference of appellant.

We therefore conclude that the pleadings and evidence bring appellee's case within the doctrine of emblements or away-going crop as developed by the court decisions of Texas, in that where in any case the evidence shows that the landlord must have known as well as the tenant that the crop might not fully mature or be harvested during the term, and that nevertheless he consents to or acquiesces in the tenant's act of planting or cultivating, it accords with the principle to hold that the tenant is entitled to harvest the crop, and that he is entitled to ingress to the premises to gather it; and that especially is this true where the tenant pleads and proves custom to the effect that the tenant was entitled to harvest the crop after the expiration of the term of the lease, provided he acts promptly and with due diligence in gathering the crop; and that, where the landlord interferes with such right to gather maturing or unharvested crops, he is liable for such damages as may be occasioned by such interference.

We have carefully examined appellant's remaining propositions Nos. 4, 5, 6, and 7, and, under our above conclusions as to the law of emblements or away-going crop, they are without merit, and all will be overruled.

The judgment of the trial court will be affirmed.

Affirmed.