## Hibbert v. Dalton

*Joseph E. Pappano*, for plaintiff.
*Ledward & Hinkson*, for defendant.

MACDADE, P. J., November 20, 1942—. . .

Here, then, is the situation in a nutshell. Plaintiff was selling baked goods of John Franklin Dalton upon a route. Many of these customers were turned over to him by John Franklin Dalton. By reason of plaintiff's personal conduct, the route was "all shot to pieces." The customers refused to let him serve them in his condition. He refused to serve on Saturdays. He was even indebted to John Franklin Dalton in the sum of $440.83, for goods he had purchased and for which he had not paid. For reasons for which he was also to blame, he was in difficulty with the court of quarter sessions of the peace. He could not make a living out of the route because of his actions. He collected all the money he could before he left, but did not pay Dalton for the merchandise he secured from him. Plaintiff then quit the route and turned in his basket and book and left. Dalton, in order to protect his customers, had to take the route over. It was in a deplorable condition. By hard work and expense, he got back the customers, built up the route and added many additional customers. He purchased new equipment for the route. Now plaintiff turns up and asks this court to decree an accounting and even suggests that he should have the

route back. And all this he asks even in view of the fact of his admitted indebtedness to Dalton, and his admission of many of the allegations of defendant, as hereinafter shown. . . .

Mr. Dalton purchased at different times two trucks to use upon the route, so that it could be properly served.

The law applicable to the facts as found by the chancellor is hornbook. Undoubtedly, as here, "The owner of personal property may divest himself of title thereto by abandonment, where at the time of such abandonment he intends to relinquish his property rights": 1 C. J. 6, §7. "Title to personal property may be lost by abandonment": 1 C. J. 9, §13. Title to any type of personal property may be lost by abandonment, as for instance: Trade name and trade-mark, Sherwood Co., Inc., v. Sherwood Distilling Co., 177 Md. 455, 9 A. (2d) 842; a mule, Kansas City M. & B. R. Co. v. Wagand, 134 Ala. 388, 32 So. 744; bottles, Enno-Sander Mineral Water Co. v. Fishman, 127 Mo. App. 207, 104 S. W. 1156; crops, Huggins v. Reynolds, 51 Texas Civ. App. 504, 112 S. W. 116.

The rule is well stated and has been cited with approval in the following language:

"The rule of law with respect to abandoned property is very simple. Property is abandoned when the owner walks off and leaves it with no intention to again claim it or exercise rights of ownership over it; and when this is done, it belongs to anyone who takes possession of it": Steinbraker v. Crouse, 169 Md. 453, 457, 182 Atl. 448.

Mr Justice Frazer, in Fidelity-Philadelphia Trust Co., Exec., v. Lehigh Valley Coal Co., 294 Pa. 47, 63, well says: "Abandonment is to be determined from a consideration of the property and the conduct of the plaintiff in relation to it."

Applying this principle to the instant case, how can there be any doubt at all? Where as in this case a per-

son has ruined a bread route so that it is a losing proposition, where for a long period of time he threatens to give it up, is heavily indebted, wants to escape from an attachment for the support of his wife, and actually does give up the route, and says anyone can have the route who wants it, can there be any question at all as to an abandonment?

Plaintiff has no standing in this matter and his exceptions should be dismissed.