## Joseph Harrell v. Zimpleman & Bergen.

(Case No. 5300.)

1. REAL ESTATE AGENTS—COMMISSION—CUSTOM—A firm of real estate agents brought suit against defendant, claiming $500 commission fees due them as agents of defendant in the sale of certain property, which defendant sold while it was in the hands of the agents. They averred that a universal custom entitled them to receive the commission, and that the custom was well known by defendant and consented to by him. *Held:*

(1) In the absence of a contract, making their right to compensation dependent on the sale of the property by them, plaintiffs were entitled to reasonable compensation for their services, regardless of custom.

(2) A custom known and consented to by defendant amounted to a contract so to be bound.

(3) The chief office of custom is to illustrate the intention of contracting parties in reference to matters on which the contract is not explicit, and, thereby, terms not inconsistent with a contract may be held to be part of it; but when the contract is clear and explicit, custom cannot change it.

APPEAL from Travis.   Tried below before the Hon. A. S. Walker. The appellees, Zimpleman and Bergen, brought this suit August 5, 1884, against the appellant, Jos. Harrell, to recover $500, commission fees due them, as agents of appellant, in the sale of certain property in the city of Austin, known as the Southern Hotel, and which they alleged Harrell himself sold to one Ira H. Evans, in direct violation of an agreement made between appellant and appellees, in which it was stipulated that they were to have the exclusive control of the property as to a sale of it, from March 29 to June 1, 1884.   They also set up in their petition, that by the custom in vogue among land agents they were entitled to their commissions whether they made the sale or not, provided such sale was made during the period for which it was stipulated they should have control of the property.   This custom, it was alleged, was well known to appellant.

Appellant answered by general demurrer, and specially excepted as to the allegations of custom.   He also answered by a general denial, and specially answered alleging that although he did make the sale of the property, he did so with a full knowledge of his agreement with appellees, which agreement was to the effect that he agreed to place the property in the hands of appellees, for sale, for the certain specified time set out in the petition, but that he in no wise bound himself in such a way as to exclude himself from making the sale; he denied the alleged custom, and averred that he was ready and willing to pay appellees a reasonable sum for their time, money and labor expended, but no more.

Appellant's general demurrer and exceptions were overruled, and the case being tried by a jury, upon their verdict, a judgment was rendered in favor of appellees for their commission in the sum of $500.

*Robert G. West* and *Floyd McGown*, for appellant, cited: Burns v. Hill, 2 Willson's Ct. App., sec. 523; Kennedy v. Clark & Tankersley, W. & W. Rep., sec. 843; Lincoln v. McClatchie, 36 Conn., 136; Durkee v. Railway Company, 29 Vt., 127; Sibbaied v. Bath Iron Co., 89 N. Y., 381; Wylie v. Marine Bank, 61 N. Y., 416; Stewart v. Mather, 32 Wis., 344; James v. Allen, 11 Am. Law Reg., 53; Tombs v. Alexander, 101 Mass., 255; Lloyd v. Mathews, 51 N. Y., 125; 10 Am. Law Reg., new series, 637; 14 Cent. Law Journal, 204; 3 Wait's Acts.

and Def., 283, 287 ; Ranger *v.* Harwood, 39 Tex., 142 ; Nugent & Co.
*v.* Martin, W. & W. 1173 ; Allen *v.* Aguirre, 7 N. Y., 543 ; Dodge *v.*
Tileston,'12 Pick., 328 ; 1 Wait's Acts. and Def., 250, *et seq.*, and cases
there cited ; Story on Agency, 254, 450.

*Walton, Hill & Walton*, for appellees, cited ; Kottwitz *v.* Bagley, 16
Tex., 661 ; Edgar *v.* Galveston City, 46 Tex., 428 ; Day *v.* Stone, 59
Tex., 613 ; Smith *v.* Lipscomb, 13 Tex., 538 ; 1 Addison on Cont., sec.
326, p. 476.

STAYTON, ASSOCIATE JUSTICE—The original petition simply alleged
that it was customary when property was placed by its owner in the
hands of a real estate agent for sale, for the owner to pay to such
agent a reasonable compensation for such services as the agent might
render, if the property was sold while the agent controlled it.

In the absence of a contract making the right to compensation de-
pendent on the fact that the property should be sold by the agent,
such is the law, without reference to custom.    He that requests
another to perform services for him is understood to agree to pay a
reasonable compensation for such services, if performed.

The trial amendment alleged " that by the universal and notorious
usage and custom existing among people engaged in the business of
land agents, and their customers, when real estate should be placed in
the hands of agents for sale in the manner set forth, plaintiffs were en-
titled to charge and receive their commission if said property should
be sold during the time the same was so exclusively in their hands,
whether such sale should be made by plaintiffs or by defendant, and
that such usage and custom was well known to the defendant and
consented to by him."    If these facts were true, we are not prepared
to say that the defendant would not have been bound by such universal
and known custom, consented to by himself.    The averments quoted
aver more than a custom ; they show a known custom, and that thereby
the defendant consented to be bound. This amounts to a contract so to
be bound.

The office of custom is largely to illustrate the intention of con-
tracting parties in reference to matters on which the contract is not
explicit, and, thereby, terms not inconsistent with a contract may be
held to be part of it, in view of the presumed intention of the parties
that the usual incidents to a relation formed by contract shall exist.
When, however, the contract between parties is clear and explicit, cus-
tom cannot change it.    In view of the fact that the petitions set up
express contract, and that the court, by the charge, made the right of

the plaintiff to recover the stipulated compensation to depend on the existence of such a contract, and the performance of the required services under it, it becomes unimportant whether the court below erred in overruling the defendant's exceptions, raising the question of sufficiency of the pleadings setting up a custom.

Under the charge, the jury must have found that a contract existed under which the plaintiffs were entitled to the named compensation, if the property was sold, even by the defendant, during the time the plaintiffs were to have the power and right to sell it. No complaint whatever is made of the charge of the court; but it is insisted that the evidence so preponderated against the finding that a new trial should have been granted. There was sufficient evidence to authorize the verdict, and it appears to us not even to preponderate against it.

Under this state of the record, the judgment must be affirmed, and it is so ordered.

AFFIRMED.

[Opinion delivered May 21, 1886.]