## AMERICAN SURETY COMPANY OF NEW YORK v. JOE KOEN, RECEIVER.

Decided February 5, 1908.

**Appointment of Receiver—Appeal Bond—Liability of Surety.**

The liability of a surety on a statutory appeal bond on an appeal from an order of a court refusing to vacate a receivership, is limited to the costs incurred by the motion to vacate the order appointing the receiver and the appeal

from the judgment overruling that motion. Such surety is not liable for the costs of the entire suit.

Appeal from the County Court of Travis County. Tried below before Hon. Jno. W. Hornsby.

*Jas. H. Robertson, Fiset & McClendon* and *Geo. E. Shelley,* for appellant.

*Allen & Hart* and *Jas. H. Hart,* for appellee.

KEY, ASSOCIATE JUSTICE.—On the 2d day of February, 1905, by an interlocutory order then made, Joe Koen was appointed receiver of the Fidelity Funding Company of San Francisco, in a suit then pending against that company in the District Court of Travis County. On the 23d day of May, 1905, the defendant company filed a motion to vacate the judgment appointing a receiver, which motion was heard and overruled on the 27th day of May, 1905. The defendant company excepted and gave notice of appeal, and on the 13th day of June, 1905, filed a bond which, in substance, complied with the statute prescribing the requisites of an appeal bond. It was approved by the clerk, who prepared a transcript and delivered it to the defendant, who filed it in this court. Sam Hirshfeld, the plaintiff in that suit, filed a motion to dismiss that appeal, which motion was sustained, because the statute did not authorize an appeal from an order overruling a motion to vacate an order appointing a receiver, and because the statute authorizing an appeal from an interlocutory order appointing a receiver requires the appeal to be perfected within twenty days after the order is made. (Fidelity Funding Co. v. Hirshfeld, 41 Texas Civ. App., 517.)

Thereafter Joe Koen, as receiver, being one of the payees named in the appeal bond, brought this suit against the American Surety Company of New York, the surety upon said bond, seeking to recover $500, the amount stipulated in the bond. The principals were not made parties upon the grounds of nonresidence and insolvency.

The defendant denied liability (1) upon the ground that at the time the bond was executed no right of appeal existed, and therefore the bond had no force and effect and created no liability as an appeal bond; (2) that not being a valid appeal bond, it created no right of action, and plaintiff could maintain no suit thereon; (3) that the costs sought to be recovered herein were payable alone out of the property in the hands of the plaintiff as receiver, and therefore the defendant was not liable therefor; and (4) that the Fidelity Funding Company had paid all costs incurred on the hearing of the motion to set aside the order appointing the receiver and in the attempted appeal, as required by the judgment of this court when it dismissed the appeal, and therefore the question of the defendant's liability was adjudicated, and the defendant could not be held liable otherwise than as fixed by the judgment of this court.

A trial was had without a jury and judgment rendered against the defendant for $500, and the defendant has appealed.

On behalf of appellant it is contended that the bond is not enforcible as a statutory obligation, because no right of appeal existed at the time it was executed, and therefore its execution was not authorized by law. It is also contended that for certain assigned reasons it is not enforcible as a common law obligation. Both of these propositions are contested by counsel for appellee, but we find it unnecessary to decide either point.

The bond in question is not a supersedeas bond, but is in the form of an appeal bond. It recites the judgment of the court overruling the motion of the defendants Fidelity Funding Company and A. C. Leopold to set aside and vacate the previous order of the court appointing a receiver, states that said defendants had taken an appeal from said judgment, and obligates said defendants, as principals, and the appellant in this case as surety, to pay to certain persons, one of whom was Joe Koen (the appellee in this case), the sum of $500, "conditioned that the said Fidelity Funding Company of San Francisco and A. C. Leopold, appellants, shall prosecute their appeal with effect, and shall pay all the costs which have accrued in the court below, and which may accrue in the Court of Civil Appeals and the Supreme Court." The language quoted is copied from the statute prescribing the requisites of an appeal bond. While the statute and the bond here involved use the word "and" in stating the obligations of the instrument, those obligations are in the alternative, requiring that the appeal should be prosecuted with effect or the costs should be paid as specified in the bond. (Robinson v. Brinson, 20 Texas, 438; Southern Pac. Ry. Co. v. Stanley, 76 Texas, 418; Blair v. Sanborn, 82 Texas, 687.) These propositions are not disputed, and the plaintiff seeks to hold the defendant liable for certain costs which accrued in the original suit in the District Court and were paid by the plaintiff with funds held by him as receiver. It was shown by clear and undisputed testimony that the Fidelity Funding Company, one of the principals in the bond, had paid all the costs which accrued in the District Court on account of the filing and urging the motion to vacate the order appointing a receiver, and all the costs of this court caused by the attempted appeal from the order overruling that motion, which costs aggregated $154.90. It is contended on behalf of appellant that such payment constituted a discharge of its entire liability as surety for the payment of costs, and we have reached the conclusion that such contention is correct.

The obligation of the bond to "pay all the costs which have accrued in the court below," etc., has reference and should be limited to the case presented on appeal. Usually that includes the entire suit, but it is not always so, and this is one of the exceptions. An appeal is authorized from an interlocutory order appointing a receiver, and the bond in question was made in an attempt to prosecute such an appeal. That attempted appeal constituted a case within itself, though it was a mere incident to the main suit, and the bond given related to the case which constituted the attempted

appeal. The principals in the bond, as defendants in the original suit, may have been liable for all the costs in the District Court from the inception to the end of the litigation, but we think the bond should be construed as limited to and only creating a liability in the case presented by the motion to set aside and vacate the order appointing a receiver, and the attempted appeal from the judgment overruling that motion.

We are now dealing with the liability of a surety, and the general rule is that such contracts are to be strictly construed, and uncertainties and ambiguities resolved in favor of the surety. We think it is clear that in making the bond under consideration the intention was to execute a statutory appeal bond. We are also of the opinion that it was the intention of the Legislature in prescribing the requisites of an appeal bond, to fix liability for such costs only as were involved in and related to the subject matter of the appeal. At any rate, it is not clear that in a case like this, where an appeal is prosecuted or attempted from a judgment or order which does not include the entire suit, it was the intention of the Legislature that the surety on the appeal bond should be bound for all the costs which have accrued in the original suit; and if reasonable doubt exists upon that score, the surety is entitled to the benefit of it. We make no ruling on the contention that, as the costs sued for were paid with funds of the Funding Company, no right of action exists for their recovery.

Our conclusion is that the trial court erred in rendering judgment for the plaintiff, and that judgment will be set aside and judgment here rendered for the appellant in this court, the defendant in the court below.

*Reversed and rendered.*