### ALEXANDER et al. v. HEIDENHEIMER et al. (No. 171–3188.)

(Commission of Appeals of Texas. Section A. May 26, 1920.)

1. Sales ⊕161, 201(4)—Delivery to carrier is delivery to vendee, and subsequent loss falls on him.

When property is delivered to a carrier by the vendor as directed by the vendee, or where the contract is silent as to the place of delivery, delivery to the carrier operates as delivery to the vendee and passes title to him, and if the property is then in proper condition as to quality any subsequent loss falls on the vendee.

2. Customs and usages ⊕15(1)—Admissible to explain ambiguity, but not to contradict, restrict, or enlarge contract.

Evidence of customs and usages may be admitted to explain or aid in the interpretation of a contract which is ambiguous, unprecise, incomplete, or inconsistent, but not to contradict, restrict, or enlarge what requires no explanation.

3. Customs and usages ⊕15(1)—Custom permitting buyer to inspect and reject at destination ineffective because contract unambiguous.

Where defendant requested a quotation on oranges, and plaintiff quoted a price f. o. b. point of origin, and defendant directed shipment by a particular road, and a bill of lading naming him as consignee was mailed direct to him, a custom permitting the buyer to inspect and reject at destination was not controlling, as the contract was clear, unambiguous, and its construction free from difficulty.

4. Customs and usages ⊕17—Cannot vary legal effect of contract.

Where judicial construction has affixed to a contract a certain meaning and has defined the rights and liabilities thereunder, its legal

---

⊕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

effect or import cannot be varied by proof of a usage giving to the contract a different meaning.

**Error to Court of Civil Appeals of Third Supreme Judicial District.**

Action by N. M. Alexander and others against I. Heidenheimer, Jr., and others. A judgment for plaintiffs was reversed by the Court of Civil Appeals (205 S. W. 458), and plaintiffs bring error. Reversed, and judgment of the trial court affirmed.

Thelbert Martin and A. S. Phelps, both of Austin, for plaintiffs in error.

Fiset, MClendon & Shelley, of Austin, for defendants in error.

SPENCER, J. Plaintiffs in error instituted this suit to recover of defendants in error the purchase price of two cars of oranges— which the latter had refused upon inspection at destination, for the reason that same were in a damaged condition—and for protest fees incurred as the result of defendants in error's refusal to pay the drafts drawn for the purchase price of same.

Defendants in error predicated their refusal to accept the shipments, and pay the drafts, upon an alleged custom at Austin, Tex., and throughout the state of Texas and the United States, existing at, and prior to, the making of the contract, to the effect that when oranges or other fruit was sold for shipment—regardless of whether sold f. o. b. place of origin or destination, or "shippers' order" with bill of lading attached to draft, or open—same was subject to inspection at destination; and, if not found in good condition, the purchaser had the right to refuse the shipment, the shipper being responsible for all damages in transit.

The trial was before the court without the aid of a jury. The court among other things found: (1) That the contract is silent as to whether the shipment was billed open (by which is meant that the purchaser is named as the consignee in the bill of lading and the bill of lading sent direct to the purchaser), or shippers' order, notify the purchaser (by which is meant the bill of lading is attached to draft for the purchase money); (2) that the purchasers were named as the consignees in the bill of lading, and the bill of lading mailed direct to them; (3) that the two cars of oranges of the quality represented' were delivered to the carrier in the condition contemplated by the contract; (4) that the weather conditions at the point of origin were favorable at the time the shipments were made for shipping same, but unfavorable at the time of the receipt at Austin and Giddings for keeping them; (5) that the Austin car showed 20 per cent. decay on December 5, 1913, and the Giddings car, when inspected for the first time on December 19, 1913, showed a higher percentage of decay.

The eleventh finding of fact reads:

"(11) This contract was not made through a local broker, and the evidence fails to show that the custom above referred to was so general, long established, and notorious that plaintiffs may be presumed to have had knowledge of it at the time the contract was made."

The trial court, as a matter of law, concluded:

"(1) There being neither an expressed nor an implied agreement to deliver the fruit at destination, delivery to the carrier at Wauchula, Fla., was delivery to the defendants, and since it appears from the evidence that the fruit when so delivered, as to quality, quantity, and method of packing met the requirements of the contract, defendants should be required to pay for same."

The Honorable Court of Civil Appeals was of opinion that the court's eleventh finding of fact was so contrary to the overwhelming weight of the evidence as to require a reversal of the judgment, and (2) that the testimony tended strongly to show that in making the contract the parties did not agree that absolute title to the property was to pass to appellants upon its delivery to the carrier by the shippers; whereupon, it reversed and remanded the case. 205 S. W. 458.

[1] It is an established rule of law that when property is delivered to a carrier by the vendor, as directed by the vendee, or where the contract is silent as to the place of delivery, delivery to the carrier operates as a delivery to the vendee and passes title to him; and, if the property at the time of such delivery is in the condition as to quality which the vendee is entitled to receive, this will constitute a performance of the agreement of sale; and any loss of the property thereafter will fall, not upon the vendor, but upon the vendee.

As the property was in good condition when delivered to the carrier at the point of origin and in a damaged condition upon inspection at destination, the controversy turns upon whether title to the goods passed at the point of origin or at destination. This, of course, involves a construction of the contract, which necessitates an inquiry into the acts and negotiations of the parties as disclosed by the contract to determine whether there was an intention on the part of the seller to relinquish all further claim as owner upon delivery to the carrier, and an intention on the part of the buyer to assume such control with all liabilities. It becomes important, in this connection, to determine whether the evidence of the alleged custom is admissible in arriving at the intention of the parties.

The Honorable Court of Civil Appeals based its opinion that the evidence tended strongly to show that it was the understanding of the parties that title would not pass until delivery at destination, upon evidence of the custom prevailing in such cases.

[2] It is a well-recognized rule that evi-

dence of customs and usages may be admitted to explain or aid in the interpretation of a contract where the contract is ambiguous, unprecise, incomplete, or inconsistent; but evidence of custom or usage is inadmissible to contradict, restrict, or enlarge what requires no explanation. Elliott on Contract (2d Ed.) par. 1075.

[3] The contract is clear and unambiguous in its terms and its construction free from difficulty and must be construed uninfluenced by the evidence upon which the Court of Civil Appeals based its opinion. Defendant in error requested a quotation on oranges, and the price was given as $1.60 f. 'o. b. point of origin. Defendant in error insists that this has no reference to delivery, but has reference to price only. If this be granted, there is nothing in the contract indicating that delivery was to be made by plaintiff in error at destination; but, on the other hand, there is a direction by defendants in error to ship the property via Houston & .Texas Central Railroad Company. The bill of lading, naming defendants in error as consignee, was mailed direct to them. The oranges were in good condition and properly packed and loaded when delivered to the carrier at the point of origin.

[4] Applying the rule of law stated to these facts, the legal import of the contract is to pass the title by operation of law to the defendants in error at point of origin. The effect of the custom pleaded by vendee was to change the rights and liabilities of the parties as thus fixed by law. This cannot be done. The legal import of a contract, as distinguished from its express terms, cannot be varied by usage. That is, where judicial construction has affixed to a contract a certain meaning and has defined the rights and liabilities thereunder, this legal effect or import cannot be varied by proof of a usage giving to the contract a different meaning. 17 Corpus Juris, 512.

We recommend, therefore, that the judgment of the Court of Civil Appeals be reversed, and that of the trial court affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.