## EARLY FOSTER CO. v. TRUEBA BROS.*
### (No. 6461.)

(Court of Civil Appeals of Texas. Austin. June 14, 1922. Rehearing Denied Oct. 4, 1922.)

1. **Customs and usages ⌾⇒15(1), 17—Evidence of custom admissible to interpret, but not to vary, terms of contract.**

Valid usages with reference to which the parties are presumed to have contracted are admissible to aid in interpreting the contract, but are inadmissible to vary or contradict the terms of an unambiguous contract.

2. **Customs and usages ⌾⇒17—Evidence of custom for purchasers of sugar in Mexico to pay revenue tax held inadmissible.**

Under a contract for the sale of sugar providing for delivery f. o. b. cars at Piedras Negras, Mexico, at a price of $16.50 per bag, the seller was obligated to pay a revenue tax imposed by the Mexican government, and evidence of a custom of universal usage in Mexico for purchasers of sugar to pay the revenue tax was inadmissible.

3. **Money paid ⌾⇒1—Compulsory payment is recoverable.**

Duress of property constitutes compulsion such as will authorize the recovery of money paid by one person to the use and benefit of another who ought to have paid it.

4. **Money paid ⌾⇒1—Payment by buyer of revenue tax which should have been paid by seller held recoverable.**

Where a buyer of sugar from Mexico, in order to get possession of the goods so as to fill contracts of resale, paid a revenue tax imposed by the Mexican government which the seller was obligated to pay under the contract, such payment was compulsory, and the buyer could recover from the seller.

Appeal from District Court, McLennan County; Jas. P. Alexander, Judge.

Action by the Early Foster Company against Trueba Brothers. Judgment for plaintiff granting only partial relief, and plaintiff appeals. Reversed, and judgment entered for plaintiff in part, and affirmed in part

Sanford & Harris, of Waco, for appellant.

Douglas & Carter, of San Antonio, and Sanford & Wright, of Eagle Pass, for appellees.

BRADY, J. Appellant sued appellees upon two items, one for certain freight charges for transportation of the sugar which was the subject of the contract, and which appellant alleged it was required to pay in order to obtain possession of the sugar, but for which appellees were alleged to be liable under the contract. This issue was eliminated by the verdict of the jury, and is not in controversy on this appeal.

The other item related to the sum of $902.48, paid by appellant on account of certain Mexican stamps, which were affixed to the invoice, and which were revenue stamps based upon the purchase price of the sugar. Appellant alleged that appellees were liable under the contract to pay these charges, but refused to do so, and that it was compelled to pay the same before possession of the sugar could be procured.

The court rendered judgment that appellant take nothing by its suit.

In their answer, appellees pleaded the written contract between the parties, which was as follows:

"Eagle Pass, Tex., April 13, 1920.

"Contract entered into this day between parties signed hereto, Early Foster Company of Waco, Texas, named party of the first part, and Trueba Hermanos, named party of the second part, wherein Trueba Hermanos sell to Early Foster Company fifteen cars of white cubic cane sugar, in 110-lbs. bags, 600 to 800 bags per car, at the price of $16.50 per bag, f. o. b. Piedras Negras, Coah., Mexico, cars to be shipped promptly via Eagle Pass, Texas, from storage at El Paso, Texas, or Sinaloa, Mexico, same to be payable upon arrival and delivery to Early Foster Company, or to their representative upon their written order.

"The Border National Bank of Eagle Pass guarantees the payment of same, and it is requested that the draft and bill of lading be sent direct to them for collection.

"[Signed] Early Foster Co.,
"By W. M. Foster.

"Accepted: [Signed] Trueba Hnos Sucs. [Signed] Border Nat'l. Bank, S. P. Simpson, Prest."

They further pleaded that under the laws of Mexico in force at the time and place of the contract, it was necessary to deliver to the purchaser an invoice upon which was required to be affixed and canceled revenue stamps of the government. They further alleged a custom of universal and immemorial usage in Mexico, and at Piedras Negras, the place of the contract, that the purchaser should be required to pay for such revenue stamps. It was further alleged that appellant received the sugar direct from United Sugar Companies at El Paso, Tex., as a matter of convenience and accommodation to appellant, and not for any benefit to appellees, and thus expressly or tacitly recognized its obligation to pay the same.

Appellees insist that the judgment should be sustained, because it must be held that the issue relating to the item for Mexican stamps was impliedly resolved by the trial court in favor of appellees, and that the evidence warrants this finding. This contention is based upon two grounds: First, that appellees pleaded and proved a binding custom, imposing liability upon appellant for the payment of the revenue stamps; and, secondly, that independent of the custom, the

---

⌾⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted November 8, 1922.

payment by appellant of these charges was a voluntary payment, and therefore cannot be recovered back from appellees.

[1] We will first discuss the question of custom as applicable to the facts of this case. There is no doubt that valid usages concerning the subject-matter of the contract, and with reference to which the parties are presumed to have contracted, will be held to be impliedly incorporated in the contract, and are admissible to aid in its interpretation. However, in 17 Corpus Juris, § 58, p. 492, it is said:

"But evidence of usage is not admissible to vary or contradict the terms of a plain, unambiguous contract; and in the more modern cases there has been a strong judicial criticism of the tendency to resort to evidence of usage when to do so would indirectly control the true intention of the parties to contracts."

That evidence of a custom will not be admitted when its effect would be to vary the terms of a contract, unambiguous and complete in its terms, is held by the following Texas cases: Harrell v. Zimplemann, 66 Tex. 292, 17 S. W. 478; Standard Co. v. San Antonio Co. (Tex. Civ. App.) 136 S. W. 1150; Planters' Oil~Co. v. Gresham (Tex. Civ. App.) 202 S. W. 145, 148; Alexander v. Heidenheimer (Tex. Com. App.) 221 S. W. 942, 943; Dallas Cotton Mills v. Huguley (Tex. Civ. App.) 230 S. W. 432; Withers v. Moore, 140 Cal. 591, 74 Pac. 159.

[2] Applying these legal principles to the present case, we are of the opinion that to permit evidence of the custom pleaded to control the contract would be to vary and contradict its terms in a matter with reference to which the parties have expressly contracted. It is clear from the contract itself that appellees, in writing, contracted to deliver the sugar specified f. o. b. cars at Piedras Negras, Mexico, and that appellant agreed to pay therefor the price of $16.50 per bag. This stipulation expressed the true consideration for the contract as to the purchase price of the sugar, and the price thus determined became contractual. To permit evidence of the custom in these circumstances would be to relieve appellees of a positive contractual obligation, and would result in requiring appellant to assume an obligation and burden not imposed in the contract. Appellees, as alleged in their answer, contracted to pay for the revenue stamps when they contracted for the sugar with the United Sugar Companies. The payment made by appellant was for the benefit of appellees, and relieved them from this obligation, but was made because appellees refused to pay for such stamps, and the payment by appellant was necessary in order to obtain possession of the goods. To permit appellees to retain the benefit of such payment would be inequitable and unjust, and would render appellant liable for charges for which it did not contract, but against which it was expressly relieved by the price fixed in the contract. We think it might be contended with as much reason that charges for loading or storage or other similar matters might be imposed upon appellant by proof of custom as to charge appellant with the item in controversy. An instructive case and with very similar facts is Withers v. Moore, 140 Cal. 591, 74 Pac. 159, a decision by the Supreme Court of California. We have not time to discuss this case, but the facts and the holding therein make it, in our opinion, an authority directly in point. We conclude that the evidence of custom was inadmissible, and that the judgment cannot be supported upon that ground.

[3] It remains to consider the question of voluntary payment. It is settled that a voluntary payment cannot be recovered back, but that a compulsory payment is recoverable. The modern doctrine is that duress of property constitutes compulsion such as will authorize a recovery. If the constraint or pressure be such as to compel the payment, and virtually amounts to taking away the payer's free agency, and subjects him to the alternative of great financial loss or business disadvantage, equity will not permit the money to be retained. The rule is thus stated in 30 Cyc. p. 1303:

"Money is recoverable where the payment is obtained by duress, extortion or oppression, or by taking an undue advantage of the payer's situation and where the payee ought not to retain it."

[4] The facts of this case show appellees were liable to, and they pleaded that they had contracted with the United Sugar Companies to pay the revenue charges. They agreed that the sugar might be received and paid for by appellant at El Paso instead of the destination fixed by the contract. However, at the same time they insisted upon the illegal demand that appellant relieve them of this obligation, or, in the alternative, that appellant should not be permitted to receive the sugar. Appellees knew that appellant had contracts for the resale of the sugar, and had immediate need for the possession and control of it. In addition to the great advantage of having the delivery made at El Paso in order to fulfill its contracts, appellant also expected to save a large amount in freight by diverting the sugar to other points. In these circumstances, we think appellees took an undue advantage of appellant's situation, and in equity and good conscience they should not be permitted to retain the benefits of the payment. The circumstances show such compulsion as, in our opinion, warrants relief in equity.

From what has been said it follows that the judgment as to the item for revenue stamps was erroneous. Appellees concede that the facts with relation to this issue have been fully developed, and therefore such portion of the judgment as denied a recovery

to appellant for this item will be reversed, and judgment here rendered for appellant for such amount. The remainder of the judgment is not assailed, and in such respect will be affirmed.

Reversed and rendered in part, and in part affirmed.