## MILLER v. LEWIS.  (No. 7433.)

(Court of Civil Appeals of Texas.  San Antonio.
Nov. 14, 1925.)

1. **Landlord and tenant ⚙139(2)—Tenant not entitled to emblements, if crop planted so that it could not mature before termination of lease.**

If termination of lease of land for agricultural purposes was fixed by custom or contract, and crop planted by tenant was such that it could not and did not mature before termination of lease, tenant would not be entitled to what was known as emblements.

2. **Landlord and tenant ⚙139(2)—Doctrine of "emblements" stated.**

Doctrine of "emblements" is common-law right of tenant, whose lease of an uncertain duration has been terminated without his fault, and without previous knowledge on his part, to enter on leased premises to cultivate, harvest, and remove crops planted by him before termination of lease.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Emblements.]

3. **Landlord and tenant ⚙139(2)—When tenant entitled to crop as emblements stated.**

Generally, if term is so uncertain that tenant, when he sows his crop, cannot know that his tenancy will continue until he shall have reaped it, he is entitled to crop as emblements, but, if his term is certain, and does not depend on a contingency, so at time he sows crop he may know that his term will not continue until he reaps it, he will not be entitled to gather it.

4. **Customs and usages ⚙13—Custom to close agricultural leases on November 1st became a part of lease of land for agricultural purposes.**

If there was a rule or custom in community which closed leases of lands for agricultural purposes on November 1st, and such custom was known to the parties, it would be presumed that it entered into and became a part of lease.

5. **Evidence ⚙213(1)—Landlord's proposition, looking to compromise with tenant, held inadmissible.**

In tenant's suit for crops appropriated by landlord, proposition made by landlord, looking to a compromise, *held* inadmissible.

Appeal from San Patricio County Court; J. C. Houts, Judge.

Action by Frank Lewis against W. G. Miller.  Judgment for plaintiff, and defendant appeals.  Reversed and remanded.

Jas. G. Cook, of Sinton, for appellant.

FLY, C. J.  This is a suit for $187.50, instituted by appellee against appellant in a justice's court, which it was alleged was due for certain crops appropriated by appellant, raised by appellee on a certain five acres of land belonging to appellant.  The justice of the peace gave appellee all he sued for, and

the cause was appealed to the county court, where, on a jury trial, a verdict and judgment for $100 was rendered in favor of appellee.

The facts are these: Appellee had an oral contract with appellant that the latter would rent five acres of uncultivated land to appellee, and would allow him to have all he raised on the land for clearing it and putting it in cultivable condition.  Appellee first planted peas, then cotton, then a small grain known as "hegira" or "higera."  The last named was planted in September, 1923.  Appellant swore that the crop year ended, by contract, on November 1, 1923, and it was impossible for a crop of the "higera" to mature between September 1st to 15th and November 1st.  Appellee swore that there was no contract as to when he had to return possession of the land to appellant.  The whole or a part of the small grain was appropriated by appellant after November 1st.

The defense presented was that the crop of grain was planted too late to mature by November 1st, when the rental year closed, and that appellant was then entitled to all the crops standing at that time on the land in an immature state.  That defense was not presented to the jury, although appellant requested its presentation.  The only issues presented by the court were as to amount of crop raised and its market value.

[1] If the termination of the lease was fixed by custom or contract, and the crop was planted at such a time that it could not and did not mature before the termination of the lease, then the tenant would not be entitled to what was known as emblements.

[2] The doctrine of emblements is the common-law right of tenant, whose lease of an uncertain duration has been terminated without his fault, and without previous knowledge upon his part, to enter upon the leased premises to cultivate, harvest, and remove the crops planted by him before the termination of the lease.  Dinwiddie v. Jordan (Tex. Com. App.) 228 S. W. 126.

[3] As said by Taylor's Landlord and Tenant, §§ 534–536:

"And the general rule is that, if a term is so uncertain that the tenant at the time he sows his crop cannot know that his tenancy will continue until he shall have reaped it, he will be entitled to the crop as emblements; but, if his term is certain, and does not depend upon a contingency, so at the time he sows the crop he may know that his term will not continue until he may have reaped it, he will not be entitled to gather it. * * * But this right never exists where the tenancy is for years and is to be terminated at the expiration of a certain period, for if, in such case, the tenant sows corn which he knows cannot become ripe until after the expiration of his lease, the law will afford him no relief."

[4] Not only did appellant swear that the contract between him and the appellee closed

the lease on November 1st, but there was a rule or custom in the community which closed the lease on November 1st. If that custom was known to the parties, it would be presumed that it entered into and became a part of the lease. Taylor, Land. & Ten. § 540.

Appellee moved away from the place occupied by him before the lease terminated, whether that date was November 1st or January 1st, and he may have lost all right to emblements, no matter what agreement he may have made as to the growing crop with the incoming new tenant. Taylor, Land. & Ten. § 543.

[5] The proposition made by appellant looking to a compromise should not have been permitted to go before the jury.

In order that the law applicable to the case may guide the next trial, the judgment is reversed and the cause remanded.