## SPAETH & CO. v. BEVERING. (No. 446.)

(Court of Civil Appeals of Texas. Waco. Jan. 20, 1927.)

1. Damages ⬤⟳23—Damages for breach of contract is that naturally resulting from breach or contemplated by parties at time contract was made.

Generally measure of damages for breach of contract is damage naturally resulting from breach or such as may fairly be considered to have been within contemplation of parties at time it was made.

2. Damages ⬤⟳40(2)—Sale of general admission or standing room tickets was not within contemplation of parties under contract for staging show in determining damages for breach of contract.

Under contract for staging show in plaintiff's opera house for percentage of receipts containing item styled "general admission," not specifying capacity for accommodating such ticket holders or giving price for such tickets, sale of general admission or standing room tickets was not within contemplation of parties so as to warrant allowance of damages thereon for breach of contract.

3. Customs and usages ⬤⟳15(1), 17—Custom is admissible to explain ambiguous contract but not to change contract requiring no explanation.

Evidence of customs and usages may be admitted to explain or aid in interpretation of

contract which is ambiguous or incomplete, but is inadmissible to contradict, restrict, or enlarge contract requiring no explanation.

**4. Customs and usages ⊂═⇒18—Custom, to be available, must be pleaded.**

Custom, to be treated as forming part of contract affecting rights of parties, must be pleaded.

**5. Customs and usages ⊂═⇒12(1)—Custom of selling standing room tickets to form basis for damages for breach of contract to give performance must have been known or presumed known to defendants.**

In action for breach of contract to give performance in plaintiff's opera house, proof that custom of exceeding seating capacity and selling standing room tickets was known to defendants, or was so general in show business as to raise presumption of knowledge, was necessary to form basis for damages from loss of possible sale of standing room tickets.

**6. Customs and usages ⊂═⇒12(1)—Damages based on custom of selling standing room tickets could not be invoked against defendants not knowing thereof, whether excluded by contract or not.**

Custom of exceeding seating capacity and selling standing room tickets cannot be invoked to sustain recovery of percentage of profits from possible sale of such tickets, in action for breach of contract to give theatrical performance, whether expressly excluded by contract to give performance or not, where unknown to defendants.

Appeal from Limestone County Court; H. F. Kirby, Judge.

Action by F. B. Bevering against Spaeth & Co. Judgment for plaintiff, and defendants appeal. Reformed and affirmed.

Frank C. Bolton, of Mexia, for appellants. W. W. Mason, of Mexia, for appellee.

GALLAGHER, C. J. Appellee F. B. Bevering sued appellants Spaeth & Co. for damages for breach of contract. Appellee owned or controlled an opera house in Mexia, Tex. Appellants were proprietors of a minstrel road show. They entered into a written contract with appellee to give a performance of said show in his opera house. Said contract provided that appellants should receive three-fourths of the receipts from the sale of tickets for said performance, and that appellee should receive one-fourth of the proceeds of said sale. It further provided that appellants should pay the sum of $16.50 toward advertising said performance in local papers. Appellants breached said contract, and appellee sued for lost profits, and also for expenses incurred by him in advertising and preparing for said performance. There was a trial before the court and judgment in favor of appellee for $403.75. After appellants had perfected this appeal, appellee filed in the trial court a proper instrument remitting $105.38 of the judgment so recovered. A copy of said instrument has been made a part of the transcript in this court with the consent of appellants.

*Opinion.*

Appellee's remittitur has eliminated all the material issues in this appeal except one. The written contract classified the seating capacity of the house, specified the number of seats of each class and the agreed prices at which tickets therefor should be sold. Said contract was on a printed form, which also contained an item styled "General Admission" and another item calling for a recital of the capacity of the house for such admissions. Neither of these blanks was filled. There was evidence before the court that all the several classes of tickets enumerated in said contract had been sold at the prices agreed upon before appellants notified appellee of their intention to breach said contract, or evidence rendering it reasonably certain that all the same would have been sold before the beginning of such performance had it been given. The court awarded appellee his 25 per cent. of the proceeds of the sale of the entire seating capacity of said house at the prices stipulated. This item of appellee's recovery amounts to $256.87. Appellee testified that he had advertised said performance in the local papers and paid therefor, and that he was therefore entitled under said contract to be reimbursed in said sum of $16.50. Appellee's right to recover for these two items in the respective amounts aforesaid is not controverted by appellants. After the remittitur aforesaid is deducted from the judgment rendered, said judgment is still in excess of the aggregate of said two items in the sum of $25. This sum represents an award of damages by the court in favor of appellee for the loss of his stipulated 25 per cent. of the proceeds of the sale of general admission or standing room tickets. Appellee introduced evidence tending to show that it was customary, when road shows were exhibited in his opera house, for the attendance to exceed the seating capacity thereof, and that on such occasions he sold standing room tickets for $1 each. None of such tickets were in fact sold on this occasion, as the supply of seat tickets was not completely exhausted.

[1-3] The generally accepted rule for the measurement of damages suffered by reason of the breach of a contract is to allow such damages only as naturally resulted from the breach of such contract, or as may be fairly considered to have been within the contemplation of the parties at the time the same was made. T. & P. Ry. Co. v. Nicholson, 61 Tex. 491, 496; Jones v. George, 61 Tex. 345, 354, 48 Am. Rep. 280; Pacific Express Co. v.

Darnell Bros., 62 Tex. 639, 641; Southwestern T. & T. Co. v. Solomon, 54 Tex. Civ. App. 306, 117 S. W. 214, 215, 216 (writ refused). After a careful consideration of the terms of said written contract, we are of the opinion that the sale of general admission or standing room tickets for the performance which appellants contracted to give in appellee's opera house was not within the contemplation of both parties thereto at the time the same was entered into. No capacity for accommodating such ticket holders was indicated, and no price for such tickets agreed upon. Evidence of customs and usages may be admitted to explain or aid in the interpretation of a contract where the same is ambiguous, unprecise, incomplete, or inconsistent; but evidence of custom or usage is inadmissible to contradict, restrict or enlarge what requires no explanation. Elliott on Contracts (2d Ed.) par. 1075; Alexander v. Heidenheimer et al. (Tex. Com. App.) 221 S. W. 942, 943, 944.

[4-6] However, before a custom can be treated as entering into and forming a part of a contract and affecting the rights of the parties thereto, such custom must be pleaded. Patton v. T. & P. Ry. Co. (Tex. Civ. App.) 137 S. W. 721, 723 (writ refused), and authorities there cited. There is no allegation of any such custom in appellee's pleadings. Neither does it appear therefrom that any part of the cause of action asserted therein is based on the existence of any such custom. The testimony introduced by appellee merely showed that such custom existed at Mexia. There was no attempt to show that such custom was known to appellants, nor that it was so general in the show business and so well established as to raise a presumption that they knew of the same and contracted with reference thereto. Such proof was necessary before appellants' rights could in any event be affected by the existence of such custom. 27 R. C. L. p. 161, § 9; O. M. Ins. Co. v. Reymershoffer's Sons, 56 Tex. 234, 238; Shippers' Compress Co. v. Northern Assur. Co. (Tex. Civ. App.) 208 S. W. 939, 946 (writ refused). Such custom cannot be invoked to sustain the recovery of said item of damage by appellee, regardless of whether such item is expressly excluded by the terms of said written contract or not.

The judgment of the trial court is reformed by eliminating therefrom the sum of $105.38 specified in appellee's remittitur, and by further eliminating therefrom the sum of $25 so recovered for supposed loss of profits on the sale of general admission or standing room tickets, leaving a recovery in favor of appellee against appellants for the sum of $273.37, with interest from the 8th day of February, 1926, and costs incurred in that court, and said judgment, as so reformed, is here affirmed.