**FORTSON et al. v. WILLIAMS.**

No. 2091.

Court of Civil Appeals of Texas. Waco.
March 16, 1939.

Rehearing Denied May 18, 1939.

J. C. Jacobs, of Corsicana, for appellants.

A. R. Stout, of Waxahachie, and J. S. Simkins, of Corsicana, for appellee.

GALLAGHER, Chief Justice.

This suit was instituted by appellants, Joe B. Fortson and J. T. Fortson, against appellee, John R. Williams, to recover $300 principal and $30 attorney's fees on a promissory note executed and delivered to them by appellee, dated September 29, 1936, for the principal sum of $381.25, with interest from date at the rate of eight per cent per annum and providing for the payment of ten per cent additional as attorney's fees. Said note was payable in monthly installments of $38.13 each, beginning one month after date. No recovery for the remainder of the principal nor for the stipulated interest was sought. Appellants alleged that appellee, to secure said note, executed and delivered to them a chattel mortgage on a certain truck, and sought a foreclosure of said lien.

Appellee filed a cross action, in which he admitted the execution and delivery of said note and mortgage and alleged affirmatively that appellants loaned him only $300; that they included in said note given therefor the amount of an insurance premium necessary to protect the mortgaged truck from damage or injury by collision or otherwise during the full term said loan was to run, and that they expressly agreed at the time to so insure said truck. Appellee further alleged in the alternative that if appellants did not expressly so agree, they did impliedly do so; that such was their custom and course of business and the general custom in Navarro and adjoining counties; that it was agreed at the time that the policy of insurance was to be procured by appellants; that they could have procured the same but negligently failed to do so, and by so failing, breached their contract with him to his damage in the sum of $400. He further alleged that without fault on his part, said truck was by the driver thereof accidentally run into a ditch and so injured and damaged that the same was of no further use or value.

Both note and mortgage were on printed forms. While said note by its terms bore interest from date as aforesaid, it also contained a recitation that interest had been paid in cash at the time of its execution on the amount thereof from date to maturity at the rate of eight per cent per annum. Numerous other printed stipulations contained therein are deemed immaterial. Said mortgage, in express terms, acknowledged an indebtedness in the amount of said note. It contained provisions, in substance, binding appellee to keep the truck insured against loss or damage by fire or theft with loss payable to appellants; authorizing them, upon his failure to do so, to procure such insurance; obligating him to repay the cost thereof, and including such cost in the indebtedness secured by such lien. Numerous other printed stipulations therein are deemed immaterial.

Appellee testified that appellants' business at Corsicana was in charge of Mr. Murchison; that he prepared the papers and tendered them for signature; that he stated at the time that the amount of the note seemed large but that it included interest, insurance and carrying charges. Murchison testified that he did not recall specifically what was said in that connection. In response to an inquiry whether he charged appellee enough to pay the premium on a policy of insurance, he replied: "We charged him a certain amount but not

enough to carry full protection". He also testified that full protection included fire, theft, collision, public liability and property damage and would cost approximately $120. Appellee did not have any insurance on said truck at the time he procured said loan and Murchison did not take out any such insurance. The transaction occurred about noon, and at about 2 o'clock the next morning the truck was driven or fell off an embankment into a ditch, caught fire and was burned. The remains were regarded merely as salvage. Further facts will be recited in connection with the issues of law hereinafter discussed.

The case was submitted on special issues, in response to which the jury found, in substance: (a) that it was agreed and understood between Murchison and appellee at the time that Murchison was to procure a policy insuring said truck for the full insurable value thereof against loss or destruction by theft, fire and collision; (b) that said Murchison was negligent in failing to procure such policy; (c) that the reasonable cash value of said truck at the time the loan was made was $550, and (d) that the reasonable cash value of the same after it was damaged was $150. The court deducted $330, the amount of the principal of the note and attorney's fees thereon, from the sum of $400, found by the jury to be the amount of damage to the truck, and rendered judgment in favor of appellee against appellants for the remainder, being the sum of $70, and for costs.

### Opinion.

■ Appellants assert that the court erred in permitting appellee to testify over their objection that Murchison, at the time he presented the $381.25 note to appellee for his signature, said: "That looks pretty high, but that includes interest, carrying charges and insurance." Their contention is that the provision of the mortgage hereinbefore recited imposed upon appellee an obligation to procure and carry insurance on the truck, and that said testimony varied and contradicted said provision. The terms of the mortgage clearly contemplated that appellants' loan should be further secured by insurance on the truck, payable to them, to the extent of such loan. The note and mortgage, as above stated, were on printed forms used by appellants in conducting their business. Many of said printed provisions were wholly irrelevant to this particular transaction. The provision for the carrying of insurance was vague and indefinite. This situation was natural, in that there was apparently no attempt to prepare a writing expressing the exact agreement between appellants and appellee but a stock form was used, which did not happen to exactly fit the particular transaction or express the exact agreement made by them. The oral testimony under consideration did not contradict the spirit and purpose of the writing, which was that insurance should be carried and that appellee should bear the expense thereof. A similar issue was presented to the Court of Civil Appeals for the Third District in the case of Walcowich Bros. v. Hysaw, 9 S.W.2d 1046, and it was there held that oral testimony that an insurance premium was included in the consideration paid or agreed to be paid to a lien holder by the debtor was admissible and did not violate the parol evidence rule but merely showed the manner in which the owner discharged his obligation to carry insurance. It will be noted that the excerpt from the mortgage in that case imposed upon the owner an unconditional obligation to carry insurance, while in this case the unconditional obligation was that appellee should pay for such insurance, whether taken out by him or, as provided in the alternative, by appellants. See also in this connection Morgan v. Steinberg, Tex.Civ.App., 23 S.W.2d 527, 533, pars. 11 to 13, and authorities there cited; Roderick v. Elliott, Tex. Civ.App., 17 S.W.2d 102, 103, par. 4; Pyron v. Brownfield, Tex.Civ.App., 238 S.W. 725, 728, par. 12, and authorities there cited. The court did not err in admitting said testimony.

■ Appellants present a group of propositions in which they assert that the court erred in submitting special issue No. 1 over their objections thereto. Said issue as submitted was, in substance, whether it was agreed between Murchison and appellee that Murchison was to procure insurance on appellee's truck for the full insurable value thereof against loss or destruction by theft, fire and collision. The grounds of appellants' objections to the submission of said issue in that form included assertions that such issue called for a finding by the jury which would in effect vary and contradict the terms of the written mortgage; that there was no evidence of an express agreement on the part of Murchison to take out an insurance policy containing the provisions recited in said issue; that there was no evidence whether such insurance, if any, was to be for the

full insurable value of the truck or merely sufficient to satisfy appellants' debt, and that such issue assumed that the policy to be taken out should cover the full insurable value of the truck and should indemnify against loss resulting not only from fire and theft but also from collision. Appellee's oral testimony that Murchison told him that the principal of the note in excess of the amount of the loan represented interest, carrying charges and insurance, did not indicate either the amount of the insurance to be carried or the risks to be covered. The provisions of the mortgage hereinbefore recited, in substance, required the carrying of insurance against loss by fire and theft. There was no requirement for insurance against loss resulting in whole or in part from collision. Neither was there any stipulation in the mortgage with reference to the amount of insurance to be carried. Appellee relied on testimony tending to show custom to engraft upon the contract for insurance the specific elements embraced in said issue as submitted. A valid custom concerning the subject matter of a contract knowledge of which may be imputed to the parties is, according to a general rule, incorporated into the contract by implication. 42 Tex.Jur. 842, sec. 14; Barreda v. Milmo Nat. Bank, Tex.Com.App., 252 S.W. 1038; Merchants Nat. Bank v. Cross, Tex.Civ. App., 283 S.W. 555, pars. 3 to 5, inclusive; Miller v. Lewis, Tex.Civ.App., 277 S.W. 796, par. 4. Such rule is applicable, however, only when there is nothing in the agreement to exclude such inference. Dwyer v. City of Brenham, 70 Tex. 30, 7 S.W. 598; Murray Co. v. Gilbert, Tex.Civ.App., 80 S.W.2d 805, par. 3. Evidence of custom is not competent to contradict the plain terms of an express contract nor to vary, control, impair, restrict or enlarge the explicit language of the agreement. 42 Tex. Jur. p. 847, 848, sec. 18, and authorities cited in notes thereto; Lone Star Salt Co. v. Texas S. L. R. Co., Tex.Civ.App., 99 Tex. 434, 441, 90 S.W. 863, 3 L.R.A.,N.S., 828; Malone v. Dawson, 117 Tex. 377, 5 S.W.2d 965, par. 7, 60 A.L.R. 665; Spaeth & Co. v. Bevering, Tex.Civ.App., 290 S.W. 802, par. 3; Alexander v. Heidenheimer, Tex.Com. App., 221 S.W. 942, pars. 2 et seq; Harrell v. Zimpleman, 66 Tex. 292, 294, 17 S.W. 478; Peoria Life Ins. Co. v. Poyner, Tex. Civ.App., 297 S.W. 788, 791, par. 7, and authorities there cited.

The mortgage provided specifically for insurance against fire and theft. There is nothing therein requiring that any other form of insurance should be carried by appellee or procured by appellants at their option. Under the authorities above cited, an obligation to procure collision insurance, another and separate kind of indemnity, could not be imposed upon appellants by proof of custom alone.

Custom is relevant to aid in the interpretation of contracts only by implication, and can not be said to have actually constituted a part of a preceding express agreement between the parties. The court therefore erred in incorporating in his submission of the issue of an express agreement between Murchison and appellee, the additional elements which appellee claimed he had established to be customary in such cases.

We do not deem it proper, in view of the disposition here made of this appeal, to discuss the weight or sufficiency of the evidence offered by appellee to establish the customs asserted by him.

The judgment of the trial court is reversed and the cause is remanded.