CITY STATE BANK & TRUST CO. OF McALLEN v. UNITED PAPERBOARD CO., Inc.

No. 10817.

Court of Civil Appeals of Texas. San Antonio.

Dec. 11, 1940.

Rehearing Denied Jan. 22, 1941.

It appears that the bank was financing the Riona Products Company under an arrangement whereby containers, such as cans and cartons, used by Riona in connection with the sale of its products, were placed in a bonded warehouse in McAllen. The bank then advanced money against warehouse receipts and would release to Riona the containers when needed, upon payment of certain specified sums. Riona had on hand a considerable amount of bottled grapefruit juice and entered into negotiations with appellant to manufacture 100,-000 cartons costing approximately $1,300. These cartons were to be specially made so as to hold several bottles of juice and display advertisements of Riona products thereon. Appellant refused to ship these cartons upon open account, and on July 7, 1938, wrote the products company the following letter:

"July 7th, 1938

"Riona Products Company
"McAllen, Texas
"Gentlemen:

"We have your letter of July 5th which is in reference to order for 100,000 cartons which will amount to approximately $1300.-00, in which letter we note you ask if it will be satisfactory with us if your bank forwarded immediately their bank guarantee covering one half the amount of the order.

"With reference to this we wired you this morning as follows:

" 'Yours July fifth assume that bank guarantee is commercial letter of credit have bank forward same at once and will immediately proceed with order'

"If arrangements suitable to us is made by your bank, we will immediately proceed with the order and upon its completion will make shipment of entire order on terms of Sight Draft attached to Bill of Lading.

"We are anxious to proceed with this order and hope that we will hear from your bank by return mail.

"Yours very truly,
"Chas. E. Daniel, Treasurer"

Lee Akin, president of Riona Products Company, took this letter to W. W. Dees, vice president of the bank, whereupon Dees wrote the letter above set out.

It appears highly probable that there was a misunderstanding between the parties. Riona's order for cartons was a special one, and when manufactured said con-

Chas. E. Thompson, of McAllen, for appellant.

W. C. Tisdale, of McAllen, and Oxford & Oxford, of Edinburg, for appellee.

NORVELL, Justice.

This is an appeal from a judgment of the District Court of Hidalgo County, Texas, awarding appellee, United Paperboard Company, Inc., a recovery against Riona Products Company and City State Bank and Trust Company of McAllen. The bank alone has appealed. Appellee's cause of action in so far as the bank is concerned is grounded upon the following letter:

"McAllen, Texas
"July 9, 1938

"United Paperboard Company
"171 Madison Avenue
"New York, New York
"Gentlemen:

"Referring to your letter of July 7th, 1938, addressed to Riona Products Company, McAllen, in which you request a bank guarantee for $650.00 representing one-half the purchase price on 100,000 cartons to be shipped to said company.

"This is to advise that we will guarantee the payment of $650.00 upon arrival and receipt of said cartons.

"Yours truly,
"W. W. Dees, Vice President."

tainers would be practically worthless to any processor other than Riona. The company undoubtedly desired· a guaranty of payment of one-half the purchase price of the cartons before they started maufacturing them. On the other hand, it is highly probable that Dees wrote the letter in accordance with the bank's usual practice of handling the Riona account. However that may be, the bank's liability, if any, is founded solely upon a contract in writing evidenced by appellant's letter to Riona Products Company and the bank's reply thereto.

From the letter it appears that the appellant's proposition to Riona was to ship said cartons on terms of sight draft attached to bill of lading. The bank's letter cannot be construed as being consistent with these terms of delivery to Riona, for the bank's liability to pay is based upon a condition, namely, the "arrival and *receipt*" of said cartons. (Italics ours.)

In Black's Law Dictionary, 3d Edition, receipt is defined as "the act or transaction of accepting or taking anything delivered."

It will be seen that if the cartons were forwarded with sight draft and bill of lading attached they could not be "received" by Riona until the sight draft was paid. From this, the conclusion is inescapable that the letter of the bank was in the nature of a counter proposition.

In order to hold the bank liable under the counter proposition, it was necessary that appellee comply strictly with the terms and conditions thereof. The bank did not guarantee that Riona would "receive" the cartons.

■ The record shows that the cartons were shipped under terms of sight draft with bill of lading attached; that Riona never paid the sight draft and, accordingly, never received the merchandise. It follows that the contingency upon which the bank's liability was predicated never occurred.

We have no doubt that the appellee in this case actually manufactured and shipped the cartons involved, relying upon the bank's letter, yet there is no estoppel pleaded or proved which would prevent the bank from standing on the letter as written.

■ It is also well settled that liability upon a guaranty "can be fixed and preserved only by a strict compliance with the terms of the guaranty." Jarecki Mfg. Co. v.

Hinds, Tex.Civ.App., 295 S.W. 274, 275; Hill Mercantile Co. v. Rotan Grocery Co., Tex.Civ.App., 127 S.W. 1080; American Surety Co. of New York v. Koen, 49 Tex. Civ.App. 98, 107 S.W. 938.

The application of this rule to the facts of this case necessitates, a reversal of the trial court's judgment. The judgment of the trial court is reversed and judgment here rendered that appellee take nothing.

### On Motion for Rehearing.

Upon the trial of this case, appellee introduced in evidence, a stipulation agreed to by all the parties involved, which in part reads as follows: "The merchandise arrived at Brownsville, Texas, on August 22nd, 1938, and possession thereof could have been obtained by Riona Products Company at any time thereafter upon payment of the draft and transportation charges, but Riona Products Company never received any part of it from the common carrier, for the reason that neither the transportation charges nor the amount of the draft was ever paid." ·

Appellee contends that we were in error in using the following language in our original opinion: "It will be seen that if the cartons were forwarded with sight draft and bill of lading attached they could not be 'received' by Riona until the sight draft was paid."

And, for the first time, it is asserted that the delivery of the cartons to a common carrier was a delivery to Riona, and consequently a "receipt" by the common carrier amounted to a "receipt" by Riona, within the meaning of the letter of guaranty. Cases applicable to the law of sales are cited in support of this contention, such as Alexander v. Heidenheimer, Tex.Com. App., 221 S.W. 942, and Walker-Smith Co. v. Jackson Tex.Civ.App., 123 S.W.2d 993.

We are here confronted with the question of the proper construction of a letter of guaranty and our opinion in no way conflicts with the holdings in the cases relied upon by appellee. It may be conceded that the construction urged by appellee on rehearing is a possible interpretation, although the juxtaposition of the words "arrival" and "receipt" militates against this position. However, in the case of North Texas National Bank v. Thompson, Tex. Civ.App., 23 S.W.2d 494, 498, affirmed, Tex.Com.App., 37 S.W.2d 735, Mr. Justice Looney, while adopting a rather restricted view of the rule of strictissimi juris

as applied to guaranty contracts, held that "where doubt and uncertainty exists as to the meaning of a contract [of guaranty], rendering it susceptible to two interpretations, one favorable to the * * * guarantor, the other unfavorable, the former interpretation will be adopted." See, also, 21 Tex.Jur. 169, sec. 39.

The application of the above rule to the facts of this case precludes a recovery for appellee upon its theory advanced upon rehearing. The motion is accordingly overruled.