**AMERICAN HERITAGE LIFE INSURANCE COMPANY,
Appellant,**

v.

**Virginia KOCH, Appellee.**

**No. 12–86–0067–CV.**

Court of Appeals of Texas,
Tyler.

Dec. 19, 1986.

Rehearing Denied Jan. 15, 1987

Mark T. Davenport, Figari & Davenport, Dallas, for appellant.

Stephen Patterson, Longview, for appellee.

SUMMERS, Chief Justice.

This is a summary judgment case. On September 23, 1985, the plaintiff/appellee, Virginia Koch (Mrs. Koch), the widow and beneficiary of Alfred R. Koch (Koch), instituted this suit against defendant/appellant, American Heritage Life Insurance Company (American Heritage), to recover $50,000 additional proceeds of an accidental death insurance policy issued to Koch by American Heritage. On December 26, 1985, American Heritage moved for summary judgment, asserting that the $50,000 increased coverage had not become effective prior to Koch's death. Mrs. Koch also moved for summary judgment claiming that American Heritage was liable to her for the additional $50,000 as a matter of law. On January 20, 1986, the trial court granted Mrs. Koch's motion and entered judgment in favor of her for the $50,000 additional proceeds, $6,000 statutory damages, and $2,500 attorney's fees. We reverse and render.

American Heritage brings two points of error. The first alleges that the trial court erred in granting Mrs. Koch's motion for summary judgment, because the increased coverage Koch applied for never became effective and consequently American Heritage has no further liability to Mrs. Koch. The second point of error asserts that the trial court erred in denying American Heritage's motion for summary judgment, because the increased coverage Koch applied for never became effective and consequently American Heritage has no further liability to Mrs. Koch. We agree with both of American Heritage's points of error and shall discuss them together.

The facts of this case are not in dispute. On February 24, 1984, Koch enrolled in a group insurance policy that provided for $100,000 accidental death benefits. In 1985, American Heritage sent Koch a premium notice that included an application to increase his accidental death benefits to $150,000. Koch signed the application on March 26, 1985, and on March 29, 1985, Mrs. Koch mailed the application and a check for the additional premiums to Amer-

ican Heritage's agent, Kirk-Van Orsdel, Inc. (Orsdel). Orsdel received the application and additional premiums on April 3, 1985, and negotiated the check the following day. On April 16, 1985, Koch died in an automobile accident. American Heritage paid $100,000, representing the proceeds of the policy, to Mrs. Koch on August 6, 1985.

The sole question we must determine is whether the increased coverage became effective prior to Koch's death. The application provided that the increased coverage would "become effective upon the first day of the month following the *receipt* of my premium payment." (Emphasis added.) Mrs. Koch argues that by sending its offer for increased benefits by mail, American Heritage has made the post office its agent to receive and carry the acceptance, and accordingly, American Heritage received the premiums on March 29, 1985. Under this theory, the additional coverage would have become effective on April 1, 1985, prior to Koch's death.

■ Mrs. Koch's argument is unsound. The "mailbox rule" actually provides that when a party makes an offer through the mail, the contract is created when a written acceptance by the offeree, properly addressed and stamped, is deposited with the post office. *Scottish-American Mortgage Co. v. Davis*, 96 Tex. 504, 74 S.W. 17, 18 (1903); *Blake v. Homburg-Breman Fire Insurance Co.*, 67 Tex. 160, 2 S.W. 368, 370 (1886); 1 A. Corbin, *Corbin on Contracts*, § 78 (1963). This rule does not apply, however, if the offer contains a stipulation that the acceptance must be received before the contract is completed.

*Franklin Life Insurance Company v. Winney*, 469 S.W.2d 21, 23 (Tex.Civ.App.—San Antonio 1971, writ ref'd n.r.e.); *Lawrence v. Continental Fire & Casualty Insurance Corp.*, 203 S.W.2d 967, 969 (Tex. Civ.App.—Dallas 1947, no writ); *Clifford-Bell Petroleum Co. v. Banker's Petroleum & Refining Co.*, 286 S.W. 564, 565 (Tex.Civ.App.—Fort Worth 1926, no writ); *Western Union Telegraph Co. v. Gardner*, 278 S.W. 278, 280 (Tex.Civ.App.—Dallas 1925, writ dism'd w.o.j.). The plain language of this offer requires that the acceptance be actually received before calculating when coverage began.[1] Since Koch's application and additional premiums were not received by Orsdel until April 3, 1985, the increased coverage would not have become effective until May 1, 1985, after Koch's death.

■ Finally, Mrs. Koch argues that it would be unfair to allow American Heritage to have use of the additional premiums from April 3 to May 1 without providing coverage. We do not believe this argument is relevant to the contractual determination of whether the additional coverage was effective. American Heritage's two points of error are sustained.

The judgment of the trial court is reversed, and the judgment is rendered that Mrs. Koch take nothing from American Heritage.

---

1. All of the cases we found construing the word "receipt" indicate that receipt means the act of actually receiving an item. *See Bentley v. Rio Grande Development Group*, 607 S.W.2d 319, 321 (Tex.Civ.App.—Fort Worth 1980, no writ); *City State Bank & Trust Co. of McAllen v. United Paperboard*, 146 S.W.2d 832 (Tex.Civ.App.—San Antonio 1940, no writ).